J. EDWIN LARSON, as State Treasurer and Insurance Commissioner of the State of Florida v. THE INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY, a corporation, and GULF LIFE INSURANCE COMPANY, a corporation

29 So. (2nd) 448                                    January Term, 1947
March 14, 1947                                       Special Division A

*J. Tom Watson,* Attorney General, *Sumter Leitner* and *Howard S. Bailey,* Assistant Attorney General, for appellant.

*Jennings, Watts, Clarke & Hamilton,* for appellees.

TERRELL, J.:

Appellees filed suit for declaratory judgment and injunctive relief, the result depending on the interpretation of Chapter 22671 Acts of 1945, relating to taxes on insurance companies. A motion to dismiss was overruled, answer was filed and a motion to strike certain portions of the answer was sustained. Defendant declining to plead further, final decree was entered for the plaintiff and this appeal was prosecuted.

The trial court held in effect that the premium receipts tax imposed by Chapter 22671, is not a prospective tax, payable at the first of the year, but that it is a tax imposed for doing business the preceding calendar year, payable at the end of the year and that there is nothing in the wording of the act to show a legislative intent, as to domestic insurers, that the tax payable on March 1, 1946, should include in its computation the period from January 1, 1945 to May 23, 1945, the effective date of the act.

Appellant urges two questions to overthrow the finding and judgment of the lower court, but both turn on whether or not Chapter 22671 should be given a retroactive or a prospective interpretation.

Appellant contends that the conditions which the act was designed to remedy, the condition of the times, the history of the legislation and other circumstances relative to its passage, warrant a retroactive interpretation as to taxes or premiums for the year 1945.

It is academic to say that courts indulge the presumption that all acts of the legislature operate prospectively unless there is a clear or expressed intent that they have a retroactive effect. Acts which create new obligations and impose new penalties, have been more rigidly construed as being governed by this rule. If the retrospective interpretation has

nothing more than implication to support it, it must be unequivocal and leave no room for doubt as to legislative intent.

We have read the act in question and we find nothing whatever in its terms that would warrant us in giving it a retroactive effect. Its terms are clear and comprehensive and no sufficient basis is revealed on which a different judgment from that appealed from could be reached. In this holding we do not overlook the circumstances that actuated it. It might appropriately be affirmed on authority of Lincoln National Life Ins. Co. v. Read 194 Okla. 542, 156 Pac. (2) 368; Jefferson Standard Ins. Co. v. King, 165 S.C. 219, 163 S.E. 652, and like cases.

Affirmed.

THOMAS, C.J., CHAPMAN and McNEILL, Associate Justice, concur.