101 So.2d 805 (1958)
STATE of Florida, on Relation of RIVERSIDE BANK, a Florida banking corporation, Peoples National Bank of Miami Shores, a national banking corporation, and Willard M. Ware, Relators,
v.
Ray E. GREEN, as Comptroller of the State of Florida, Respondent.
Supreme Court of Florida.
April 2, 1958.
Rehearing Denied April 23, 1958.
*806 Evans, Mershon, Sawyer, Johnston & Simmons and Herbert S. Sawyer, Robert A. White, Miami, for relators.
Richard W. Ervin, Atty. Gen., Fred M. Burns, Asst. Atty. Gen., and Wilson W. Wright, Special Asst. Atty. Gen., for respondent.
Wilson Trammell, Granville C. Conner, Talbot W. Trammell, Miami, and W.K. Whitfield, Tallahassee, amicus curiae.
THOMAS, Justice.
The relators were required to pay certain taxes levied for the year 1957 on their intangible personal property, and when their demand for refund was refused this suit was precipitated. Sec. 215.26, Florida Statutes 1955, F.S.A. The taxes were levied under Chapter 57-399 at double the amounts provided in Sec. 199.11, Florida Statutes 1955, which Chapter 57-399 amended.
Upon the petition of relators this court issued a writ of mandamus directing the Comptroller to refund to each of them one-half the tax paid or to show cause why a peremptory writ should not issue commanding the reimbursement.
The relator-banks paid sums in differing amounts on intangible personal property classified as "B" and the individual relator on such property classified as "A" as well as "B" but there is no need further to refer to these differences, as the underlying point of law to be decided by this court is the same in each instance. And the point of law is so distinct that we proceed immediately to a consideration of it without pausing on the way to analyze in this opinion the pleadings in the case.
By the statute, Sec. 199.11, supra, there had been, since 1 January 1942, levied annually on all class "B" intangible personal property one mill on each dollar of its valuation. In 1957 the legislature enacted into law Senate Bill 1417, now designated as Chapter 57-399, providing that the tax should be doubled. This litigation revolves primarily around simple Sec. 2 of the amendatory act: "[t]his Act shall take *807 effect on July 1, 1957." The use of this arbitrary date, which has no significance as a day in the tax year except that it is the latest day for the assessor to complete the roll, Sec. 193.29, Florida Statutes 1955, F.S.A., as the one on which the act should become effective gives rise to the question whether or not the relators were liable for the increased tax for the year 1957.
The parent act, Sec. 199.11, supra, contains the provision "[o]n and after January 1, 1942" there shall be "annually levied and assessed on all intangible personal property, to be assessed and collected as other taxes are assessed and collected" a tax in the amount specified. (Italics supplied.) In Sec. 192.04, Florida Statutes 1955, and F.S.A., is found further reference to the calendar year as the tax period: "[a]ll real and personal property shall be subject to taxation on the first day of January of each year * * *." Therefore, as far as the tax on intangible personal property is concerned the same tax period is applied, although there is a distinction between the dates on which taxes on personal and real property may attach, as we will presently observe. Sec. 199.07, infra.
We think two rules of construction of statutes impel us to a decision in favor of the relators, one dealing with statutes in general, the other with tax statutes in particular.
No reason occurs to us for attempting to establish a period for the assessment and levy of taxes on intangible personal property different from the period designated, in Sec. 192.04, supra, for the levy and assessment of all other taxes and, obviously, none was considered by the legislature as no mention of it appears in the amendatory act. We have not overlooked the provision in the law, relative to taxes on intangibles, that such property brought into the state between January first and April first may be taxed for the current year while taxes on real estate attach the first day of the year. Sec. 199.07, Florida Statutes 1955, and F.S.A. But this distinction is not a factor of real importance as indicating that the legislature meant the act under study to be retroactive, much less clearly showing that intention.
There can be no conclusion but that the legislature intended merely to raise the amount of the tax within the limit fixed in the Constitution, Sec. 1, Art. IX, F.S.A. In the title of the act in question a reader was informed only that Sec. 199.11 was being amended by increasing the amount of the tax on "class A and class B intangible personal property" and that in the act an "effective date" was provided. There was no notice that the increased tax would be applied in the tax year 1957.
We have recognized the presumption that a legislative act operates prospectively unless the intent that it operate retrospectively is clearly expressed. Larson v. Indpendent Life & Accident Ins. Co., 158 Fla. 623, 29 So.2d 448. In his brief the Attorney General agrees that this is the rule citing this case and four others decided by this court. In the opinion the court referred to the principle as "academic." In Cragin v. Ocean & Lake Realty Co., 101 Fla. 1324, 133 So. 569, 135 So. 795, this court recognized the general rule that an act should never be construed retrospectively unless that was clearly the intention of the legislature and in Laney v. Board of Public Instruction for Orange County, 153 Fla. 728, 15 So.2d 748, 750, that statutes "are regarded as prospective in their operation unless the language * * * requires it to be given a retroactive operation." (Italics supplied.)
There is positively nothing in the title of the statute under study to inform a reader it contained a provision that it would operate retrospectively, or in the body "clearly" stating that purpose except the date it would become effective, a date having no significant relationship with the first day of a tax year otherwise fixed by law.
*808 It seems to us that we would have to discard the well-established rule were we to decide that by fixing an effective date exactly midway between the first days of the 1957 and 1958 tax years the legislature meant that the increase should become applicable on the former. If uniformity of the taxing process is to be maintained to the convenience of taxpayers as well as tax gatherers and the rule is to be perpetuated there can be only one logical conclusion and that is that the act should be operative prospectively.
Why the legislature did not choose language clearly stating that the act would put the added burden on the property during the year 1957 we will not undertake to surmise. We say only that the legislature did not and that not having done so, the tax could not attach before the later year.
So much for the general rule.
The special rule buttresses relator's position. In Overstreet v. Ty-Tan, Inc., Fla., 48 So.2d 158, 160, we referred to the cardinal rule that statutes imposing taxes must be clear and specific and will be "liberally construed in favor of the taxpayer." The same thought was expressed in Florida Nat. Bank of Jacksonville v. Simpson, Fla., 59 So.2d 751, 758, 33 A.L.R. 2d 581, when we said that such statutes must be construed "strictly as against the state and in favor of the taxpayer."
The Attorney General argues plausibly that the act involved was part of a plan to secure a certain amount of revenue for specified purposes and he includes in his brief a statement of the sources from which income was to be obtained by the act under question and its companions. As we have pointed out, the purpose to make the act retroactive must be more than plausible  it must be clear. We cannot bend the rules of construction to embrace other acts of the legislature linked in a common plan. If that was the program, the act should have stated in unmistakable language that it was to apply in the tax year 1957. Thus would the plan have been saved and, probably, this litigation would not have been instituted.
The peremptory writ is ordered to be issued notwithstanding the return.
TERRELL, C.J., and HOBSON, THORNAL and O'CONNELL, JJ., concur.