PEARSON, TILLMAN, Judge.
This appeal by Dade County grows out of a mortgage foreclosure in which the County was made defendant because of a claimed lien for garbage collection. The question presented arises out of the following finding contained in the final decreet

“10. The waste fees covered by the waste lien filed by Dade County Waste-Division on November 30, 1962, and recorded on said date in Waste Docket Book 1, Page 241, Public Records of Dade County, Florida, did not become a lien upon and against the mortgaged property and premises until the recording date, November 30, 1962; and accordingly, the waste lien of the Defend *256 ant, DADE COUNTY, aforesaid is inferior, subordinate and subject to the Plaintiff’s said mortgage lien.”
The essential chronology of pertinent facts is as follows:
(1) Appellee’s mortgage was recorded on December 9, 1958.
(2) On June 9, 1959, the Board of County Commissioners of Dade County passed Ordinance No. 59-12. This ordinance authorized the Director of Public Works to establish waste collection and disposal services in Dade County, and authorized the collection of fees therefor. The ordinance further provided that unpaid waste fees would become delinquent 30 days after due date and would become a lien against the property provided that a notice of lien was filed.
(3) On July 31, 1962, the Board of 'County Commissioners of Dade County passed Ordinance 62-33, which provided among other things, that all waste fees due and unpaid for the period of July 1, 1959, to July 1, 1962, should constitute special assessment liens against the improved property for which the waste collection and disposal services were provided or made available. This ordinance further provided that the waste fees which had become due and unpaid prior to July 1, 1962, should constitute special assessment liens only if the Waste Division filed in the Office of the Clerk of the Circuit Court of Dade County, Florida, on or before December 1, 1962, a notice of lien.
(4) A notice of waste lien upon the property involved was recorded November 30, 1962, for delinquent waste fees maturing prior to July 1, 1962, and after January 1, 1960.
(5) The appellee filed its complaint for mortgage foreclosure on February 4, 1963.
The appellant-County maintained that Ordinance 62-33 creates a superior lien not only as to delinquent fees accruing after July 1, 1962, but also as to past due fees, even though no record thereof appeared until Nov. 30, 1962. If such position were sustained it would give retrospective effect to the ordinance as to past due fees and, accordingly, the county a lien superior to that of the plaintiff’s mortgage.
 We hold that a fair reading of the ordinance in question sustains the construction given to the ordinance by the chancellor. The claimed retroactive effect should not be implied and does not clearly appear from the ordiance. See: In Re Seven Barrels of Wine, 79 Fla. 1, 83 So. 627; Chiapetta v. Jordan, 153 Fla. 788, 16 So.2d 641, Larson v. Independent Life & Accident Ins Co., 158 Fla. 623, 29 So.2d 448; State ex rel. Riverside Bank v. Green, Fla.1958, 101 So. 2d 805.
We do not decide appellee’s contention that the charges for garbage collection may not properly be made a special assessment lien, nor do we consider his argument that the ordinance itself was ineffective to create special assessment liens.
Affirmed.