**WRIGHT v. BROWN, Administrator c.t.a., et al.**

No. 83663.

Circuit Court, Pinellas County.

October 26, 1967.

Norris S. Gould of Phillips, McFarland & Gould, Clearwater, for plaintiff.

Milton D. Jones of Jones & McMullen, Clearwater, for the defendant administrator, c.t.a.

William M. Goza, Clearwater, for the defendant First Federal Savings & Loan Association of Clearwater.

J. Tweed McMullen of McMullen, Everett & Logan, Clearwater, for the defendant First National Bank of Clearwater.

B. J. DRIVER, Circuit Judge.

*Order granting partial summary judgment:* This cause came on to be heard on October 16, 1967, upon the motion of the plaintiff Wright for summary judgment and the motion of the defendant Brown, as administrator, etc., for partial summary judgment. Counsel for all parties were present at the hearing, and tendered their respective arguments to the court.

It was conceded by counsel that the purpose of the respective motions for summary judgment was to test whether §665.15(2), Florida Statutes of 1965, has any application to the subject matter of this suit.

The pleadings of all parties concede, and there is no dispute, that the decedent Albert J. Gionet was, prior to June 21, 1965, sole owner of a savings account in the defendant First Federal Savings & Loan Association of Clearwater, a checking account in the defendant First National Bank of Clearwater, and a lease on a safety deposit box in the defendant First National Bank of Clearwater.

On June 21, 1965, the decedent caused the savings account in the defendant First Federal to be changed to himself and the plaintiff Margaret L. Wright "as joint tenants with the right of survivorship." On the same date the checking account in the defendant First National Bank was similarly changed, and plaintiff's name was added to the decedent's safety deposit box. The decedent died on June 28, 1965, by suicide.

§665.15, Florida Statutes of 1963, was amended in the 1965 legislative session by chapter 65-463, House Bill No. 200, which added the following sub-section (2) to the then existing law, and became §665.15(2) —

"(2) The establishment of a stock account, savings share account, or investment share account in joint and survivorship form shall, in the absence of fraud or undue

influence, be conclusive evidence, in any action or proceeding to which either the association or the surviving shareholder or shareholders may be a party, of the intention of all such shareholders or account holders to vest title to such share accounts, and the additions thereto, in such survivor or survivors."

The bill was stated to become effective immediately upon becoming a law, and was filed in the office of the secretary of state on June 25, 1965. The title to the bill read as follows —

"AN ACT amending section 665.15, Florida Statutes, relating to the ownership of joint savings share accounts in state and federal savings and loan associations, providing that the ownership of such accounts vest in the survivor or survivors thereof; providing an effective date."

As the act by its terms is limited to savings accounts in a "building and loan association or federal savings and loan association", it was conceded by counsel that the act was not applicable to the joint checking account or safety deposit box in defendant First National Bank. If applied at all, it could only be applicable to the savings account in defendant First Federal.

Under the foregoing undisputed facts the question is thus squarely presented — *Is §665.15(2) applicable at all to joint savings accounts opened or established prior to the date it became a law?*

Prior to the enactment of §665.15(2) the rule had been established that when one, with his own funds, established a joint and survivorship account with another an intent to make a gift of an immediate interest in the account is presumed, but that such presumption may be rebutted by evidence showing that no gift at all was intended or that the real intent was to effect a testamentary disposition of the funds at death without compliance with the Statute of Wills. See Chase Federal Savings & Loan Association v. Sullivan, 127 So.2d 112 (Fla. 1961).

Counsel for the plaintiff argues that sub-section (2) simply converts what was previously a rebuttable presumption into a conclusive presumption, and as such is purely a matter of remedy or procedure, a rule of evidence. The constitutional inhibitions of due process, impairment of obligation of contract or disturbance of vested rights, counsel argues, have been held not to apply to laws regulatory of or changing purely procedural forms or remedies. Such laws may validly apply to past transactions as

well as pending litigation. Counsel thus concludes that, as there are no limitations on its application, sub-section (2) of §665.15 can and should be applied to all "actions" pending at or instituted after the date it became a law.

While the court finds plaintiff's argument ingenious and the principle of law employed sound in theory, the court entertains serious doubts as to the character of the enactment as being purely a matter of procedure. While it is not necessary to decide, as will appear, it is conceivable that the real effect of the enactment, regardless of its appearance as a rule of evidence, in given imaginable circumstances, could be said to substantially change or alter the status of property rights and dispositions made under prior announced court decisions — which all are legally presumed to know when dispositions are made.

The question is best and properly resolved by resort to ordinary rules of statutory construction, apart from any decision that the act might be unconstitutional when applied to savings accounts established before the act became a law. It is a well and firmly established rule of statutory construction that a statute should be construed to operate prospectively and not retrospectively. unless its terms will clearly not permit it. It must be assumed that the legislature contemplated its laws to operate prospectively; and a retrospective effect will not be impled unless such is clear and unequivocal. This rule is applied with particular force where retroactive operation raises serious questions of constitutionality. Ex parte Wells, 21 Fla. 280 (Fla. 1885) ; McCarthy v. Havis, 23 Fla. 508, 2 So. 819 (Fla. 1887) ; In re Seven Barrels of Wine, 79 Fla. 1, 83 So. 627, (Fla. 1920) ; State v. Lee, 156 Fla. 494, 23 So.2d 575 (Fla. 1945) ; Larson v. Independent Life and Accident Ins. Co., 158 Fla. 623, 29 So.2d 448 (Fla. 1947) ; Indemnity Ins. Co. v. Brooks-Fisher Insulating Co., 140 So.2d 613 (Fla. App. 2nd 1962) ; Dade County v. Federal National Mortgage Ass'n., 161 So.2d 255 (Fla. App. 3rd 1964) ; Heberle v. P.R.O. Liquidating Co., 186 So.2d 280 (Fla. App. 1st 1966). Applying the foregoing rules to the act in question, the court can find no language expressing — clearly or otherwise — any intention that the act was intended to operate retrospectively. Even if one could find an implied intent that the act operate retrospectively, the most that could be said is that such an implication is equivocal. It is equally as logical to read into the act or imply an intent that it operate prospectively only, as it is to find an implied intent that it is to operate both retrospectively and prospectively. The court therefore concludes that §665.15(2), Florida Statutes of 1965, was not intended to operate upon or

affect savings accounts described which had been opened or established prior to the date of the effective date of the law, June 25, 1965.

There is yet another reason why a retrospective effect cannot be given to this act. Even if, by fair construction of the act, an intent could be found that the act was to operate retrospectively to savings accounts established prior to its enactment, such an intent would have to be eliminated judicially. Article III, §16, of the Florida constitution, requires that — "Each law enacted by the Legislature shall embrace but one subject and matter connected therewith, which subject shall be briefly expressed in the title . . ." The Supreme Court of Florida has held that an act, the title to which omits any reference to a retroactive provision in the body of the act, is violative of this constitutional provision; and that such retroactive provisions must be eliminated. Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205 (Fla. 1938); Chiapetta v. Jordan, 153 Fla. 788, 16 So.2d 641 (Fla. 1944); State v. Green, 101 So.2d 805 (Fla. 1958). There is no expression in the title to chapter 65-463, House Bill No. 200, Laws of Florida, 1965 session, in any wise indicating the act was to operate retrospectively, that is, on savings accounts established prior to the act. The words in the title ". . . providing for an effective date" have no such effect. In each of the above cited cases a similar clause appeared in the title to the acts considered.

Counsel for the defendant administrator has argued that the added sub-section (2) might be invalid as violative of article III, §21, Florida constitution, requiring laws to be general and uniform. This argument was based upon the express limitations in the act to savings accounts in state or federal savings and loan associations, leaving similar accounts in other types of institutions unaffected by the law. The facts in the instant case do not require a decision on this argument, and the court declines to express any opinion thereon.

It is therefore ordered and adjudged that the motion for summary judgment herein filed by the plaintiff Margaret L. Wright is denied, but without prejudice to refile such a motion hereafter upon other grounds not considered or determined by this order.

It is further ordered and adjudged that the motion for partial summary judgment by the defendant Herbert M. Brown, as administrator, etc., is granted in the respect that the court finds and declares that §665.15(2), Florida Statutes of 1965, does not apply to or govern any of the issues made in any of the pleadings

of the parties, and particularly said statute does not apply to or in any wise effect the title, ownership or rights of the parties in the joint savings account in the defendant First Federal Savings & Loan Association of Clearwater, or in the joint checking account in the defendant First National Bank of Clearwater, or in the contents of the safety deposit box in the defendant First National Bank of Clearwater.

It is further ordered and adjudged that the remaining issues in this cause raised by the respective pleadings of the parties shall hereafter be tried and determined by this court under the laws and decisions of the courts of this state as the same existed prior to June 25, 1965, the date §665.15(2) became a law.

It is further ordered and adjudged that this decision and order does not affect the rights and liabilities of the defendant First Federal Savings & Loan Association or the defendant First National Bank of Clearwater.