RAWLS, Judge
(dissenting).
In my opinion, the trial judge followed the mandate of the legislature when he found:
“That the tax on commercial realty rentals imposed by chapter 68-27, supra, is a tax on ‘rents payable’ (Section 212.03(1) (a), Florida Statutes) and it is the incident of payment and receipt of the rental charged that constitutes the taxable transaction and creates the tax liability under the express provisions of Section 212.03(2), Florida Statutes, that such tax ‘ * * * shall be due and payable at the time of the receipt of such rental payment by the lessor or person, as defined in this chapter, who receives said rental or payment.’ Accordingly, the Court finds that the provisions of Chapter 68-27, Laws of Florida, imposing a tax on commercial realty rentals, is inapplicable to rentals paid by the Plaintiffs herein prior to the effective date of such Act. Such finding and conclusion is required not only by the express wording of the statute as quoted above, but also by the rule that statutes imposing a tax are to be strictly construed in favor of the taxpayer and should never be interpreted as having any retroactive application in the absence of a clear and specific provision to that *854 effect. See Larson v. Independent Life & Accident Insurance Co. [158 Fla. 623], 29 So.2d 448 (Fla.1947), and State ex rel. Riverside Bank vs. Green, 101 So.2d 805 (Fla.1958). * * *
“ * * * the Court hereby declares and determines that the provisions of Chapter 68-27, Laws of Florida (1968, extra session), amending Chapter 212, Florida Statutes, is inapplicable to commercial realty rentals paid by the Plaintiffs prior to April 1, 1968, and that the Plaintiffs are entitled to a refund of any taxes paid by them to the Defendants with respect to such rentals.”
The plain language of Section 212.03 (1) (a) imposes a tax upon every person engaged in the business of renting or leasing commercial offices or buildings. It is obvious that the able trial judge comprehended the import of this section because the final judgment entered by him in Crabb v. Kirk[1] on October 4, 1968, a copy of which was attached to appellant’s brief, and which construed the same provisions, held inter alia:
“It is necessary to go straight to the nature of the tax without regard to seman-tical niceties. It is not upon the contract (in this case the lease) that the tax is imposed. It is on the ‘business’ of renting commercial offices or buildings and it is based upon the ‘rental charged’ and the tenant is required to pay this tax to the landlord or other person granting the tenant his right of occupancy and use and the landlord makes remittance to the State tax authorities. In essence the tax is on the privilege of an owner to charge and collect rent for the occupancy and use of commercial offices and buildings. It is wholly immaterial how such contractual rights arise, whether from a formal lease, by sufferance, by a tenancy at will, or however else, under state law, such may be created. It is the privilege of having available the facilities of the state to protect and enforce the right to receive the rent and to enjoy the tenancy that is taxed and such privilege is ambulatory until the contract has run its full course and any of the obligations under it remain unexecuted. The tax is on ‘rents payable’ (Sec. 212.03(1)) and it is the incident of payment and receipt of the rental charged under the contractual obligations incurred that constitutes the taxable transactions and creates the tax liability under the statute.”
Section 212.03(2), Florida Statutes, F.S.A., expressly provides that the tax “ * * * shall be due and payable at the time of the receipt of such rental payment by the lessor or person, as defined in this chapter, who receives said rental or payment.” A cursory reading of the foregoing provision discloses that the tax is due and payable at the time of receipt of such rental payment and if receipt of same was made prior to the effective date of the enactment, enforcement of collection under these circumstances was not contemplated by the legislature. In short, the subject statute provides a two-pronged process: 1. Levy or imposition of the tax upon the described privilege, and 2. Provision for collection only at the time of payment of the rental.[2]
In other words, the legislature did not impose the collection of this tax upon an accrual of the rental to the landlord; it imposed the tax upon a collection of the rent by the landlord. It further provided that in the event the landlord failed to collect the rental, the tax is not payable. *855 This is at great variance to the general Sales Tax transactions cited by the majority opinion, which imposes the tax at the time of the transaction and requires payment by the seller whether or not he collects same from the purchaser. It is my view that the majority of this Court, as it did in Maas Brothers, Inc. v. Green,[3] is attempting' to bail the legislature out of its lack of foresight by judicially writing into the statute something which is not there. Such is not the function of the judiciary.
I dissent.

. Georgia B. Crabb v. Claude Kirk, Jr., Governor, et al., Circuit Court for Leon County, Civil Case No. 68-351.

. Cf. F.S. § 212.06(1), F.S.A., which provides :
“ * * * The full amount of the tax on credit sales, installment sales and sales made on any kind of deferred payment plan shall be due at the moment of the transaction in the same manner as a cash sale.”

. Maas Brothers, Inc. v. Green, 182 So. 2d 633 (Fla.App.1st 1966), certiorari granted by Supreme Court and decision quashed, Maas Brothers, Inc. v. Dickinson, 195 So.2d 193 (Fla.1967).