QUESTIONS:
1. Does s. 373.503(3), as amended, authorize the levying of ad valorem taxes for tax year 1977?
2. Should the property appraiser extend on the county tax roll a millage rate which is equivalent to 361/365ths of the rate certified, or should the rate certified be shown on the bill and the amount of tax levied be reduced to 361/365ths of the total tax levied?
3. In the alternative, could a water management district simply compute a budget to operate for a fiscal year less 4 days, determine a millage rate to yield revenues to fund this budget, and so certify that rate for extension without further adjustment?
SUMMARY:
Section 373.503(3), F. S., as amended by Ch. 76-243, Laws of Florida, authorizes the water management districts enumerated therein to levy ad valorem taxes on property within the districts solely for the purposes of Ch. 373, F. S., and of Ch. 25270, 1949, Laws of Florida, as amended, and Ch. 61-691, Laws of Florida, as amended, commencing with the tax year 1977. The statute mandates that the districts' governing boards are required to establish or fix the millage or tax rates to be levied for 1977 in such manner as to insure that no such taxes will be levied for the first 4 days of the 1977 tax year. The tax rate so calculated by such governing boards is the rate to be certified to the several property appraisers for extension on the county tax rolls. The statute does not set forth the manner of method whereby such tax proration for the 1977 tax year is to be accomplished and accordingly the manner or method of such proration lies within the sound discretion of such governing boards.
Section 373.503(3), F. S. (1976 Supp.), as amended by ch. 76-243, Laws of Florida, now provides in part:
 The districts may levy ad valorem taxes on property within the district solely for the purpose of this chapter (Ch. 76-243) and of chapter 25270, Laws of Florida, as amended, and chapter 61-691, Laws of Florida, as amended. The authority to levy ad valorem taxes as provided in this act shall commence with the year 1977. However, the taxes levied for 1977 by the governing boards pursuant to this section shall be prorated to ensure that no such taxes will be levied for the first 4 days of the tax year, which days will fall prior to the effective date of the amendment to s. 9(b), Art. VII of the Constitution of the State of Florida, which was approved March 9, 1976. When appropriate, taxes levied by each governing board may be separated by the governing board into a millage necessary for the purposes of the district
and a millage necessary for financing basin functions
specified in s. 373.0695. Beginning with the taxing year 1977, and notwithstanding the provisions of any other general or special law to the contrary, the maximum total millage rate for district and basin purposes shall be: . . . . (Emphasis supplied.)
AS TO QUESTION 1:
Question number 1 is answered in the affirmative.
Section 9(a), Art. VII, State Const., provides that special district may be authorized by law to levy ad valorem taxes. Section 12 of Ch. 76-243, Laws of Florida [s. 373.503(3), F. S. (1976 Supp.)], implements this constitutional provision. The language of the statute is quite clear that the districts set forth in Ch. 373, F. S., are authorized to levy ad valorem taxes for water management purposes on property within the districts for tax year 1977. The authorization for such tax levy is clear and unequivocal. By the plain language of the statute the Legislature has intended to authorize such tax levy commencing with the tax year 1977 and to require proration of the 1977 tax levies by the governing boards of such districts to insure that no such tax will be levied for the first 4 days of the tax year, which days will fall prior to the effective date of the amendment to s. 9(b), Art. VII, State Const., which was approved March 9, 1976. There exist no constitutional restrictions on the power of the Legislature to determine the time or period of a tax levy (see 84 C.J.S. Taxation
s. 357) or the time when tax liability is to be determined (see 84 C.J.S. Taxation s. 60), and in the absence of any such restrictions it may select the time as of which tax liability shall be determined and the taxation status of persons and property will be determined as of the time specified in the particular statute applicable. Cf. State v. Green, 101 So.2d 805,807-808 (Fla. 1958); AGO's 074-120, 072-268, and 071-52. Further, it is axiomatic that a duly enacted general law is presumptively valid and must be given effect.
Accordingly, taxes may be levied as prescribed by s. 373.503(3), F. S., (1976 Supp.), and the property appraiser is authorized and required to certify values for such taxing purposes to the district taxing authorities (see s. 373.539(4), F. S.).
AS TO QUESTION 2:
In discussing proration, the statute speaks clearly and mandates that it is the taxes levied which are to be prorated. The statute states that:
 . . . the taxes levied for 1977 by the governing boards pursuant to this section shall be prorated to insure that no such taxes will be levied for the first four days of the tax year . . . .
The term `levy' is statutorily defined to mean the imposition of a tax, stated in terms of `millage,' against property by a governmental body authorized by law to impose ad valorem taxes. Section 192.001(9), F. S. The millage authorized for water management purposes by s. 9(b), Art. VII, State Const., as amended at the special election on March 9, 1976, see s. 373.503(2)(a), F. S. (1976 Supp.), may be levied only by the designated water management districts, and such districts are authorized to `levy' such millage or ad valorem taxes on property within the several districts by s. 373.503(3) and required thereby to prorate the taxes or millage levied for 1977 by the governing boards of the districts as prescribed therein. Subsection (3) of s. 373.503
expressly refers to `millage' in authorizing the governing boards of such districts to separate the `taxes levied' into a millage for district purposes and a millage for basin purposes. The extension of such millage or taxes on the county tax roll means the arithmetic computation whereby the `millage' is converted to a decimal number representing one one-thousandth of a dollar and then multiplied by the assessed value of the property to determine the tax on the property. Section 192.001(6), F. S.
Accordingly, the governing boards of the affected districts should establish or fix the millage or tax rates or the taxes to be levied by each district for 1977 in such manner as to insure that no such taxes will be levied for the first 4 days of the 1977 tax year. The tax rate, or millage, so calculated is the rate to be certified to the several property appraisers, and by them extended on the county tax rolls. See s. 373.539, F. S., as amended by Ch.77-102, Laws of Florida. The statute mandates that such tax proration is to be accomplished by the governing boards of such districts, as opposed to the property appraiser. Also see s.373.539(1) and (4), F. S., Rules 12D-8.14 and 12D-8.15, F.A.C.
AS TO QUESTION 3:
The statute does not mandate any particular manner or method by which the tax proration for the 1977 tax year is to be accomplished. Apparently, the manner and method of the proration was intended to be left to the discretion of the various governing boards of the affected districts. What is readily clear and unequivocal from the language of the statute is that no taxes
levied for 1977 are to be levied for the first 4 days of the tax year 1977. Accordingly, if the governing boards choose to exercise their discretion in accomplishing the proration commanded by the statute by computing a budget to operate for a fiscal year less 4 days and calculate a millage or tax rate to yield sufficient revenues to fund only such budget, such determination would appear to be within the discretion of the governing board and would appear to be authorized by the statute. Such discretion could not be exercised arbitrarily or capriciously and could certainly not be exercised in any manner so as to defeat the plain intent of the statute requiring proration so that no such tax will be levied for the first 4 days of the tax year 1977.
Prepared by: Larry Levy Special Assistant Attorney General