The Honorable George Firestone Secretary of State
QUESTIONS:
1. Is a corporation organized in a territory of the United States of America or the District of Columbia required to file a report pursuant to s. 943.468, F.S.?
2. Is an alien corporation required to file a report pursuant to s. 943.468(3), F.S., and is the registered agent of such an alien corporation required to file a statement accepting appointment pursuant to s. 943.468(2), F.S., between September 1, 1981, and December 31, 1981, if the alien corporation has an interest in real property?
3. Should an alien corporation file pursuant to s. 943.468, F.S., if it has previously qualified to transact business in Florida, pursuant to ch. 607, F.S., and is currently in good standing?
4. May an alien corporation file an annual report with the signature of an officer other than the specific titles listed in s. 943.468(1)(b)2. and (3)(e)?
5. Should the Department of State file an alien corporation annual report submitted later than the day following the date of signature?
6. Should a corporation organized under the laws of one of the other 49 states file an alien corporation report with the Department of State pursuant to s. 943.468(3), F.S., if it has not qualified to transact business in Florida and has an interest in real property or anticipates acquiring such interest, but does not intend to qualify to transact business in Florida pursuant to ch. 607, F.S.?
SUMMARY:
Until legislatively or judicially determined otherwise:
 1. A corporation organized in a territory of the United States of America or in the District of Columbia is not required to file an alien corporation report pursuant to s. 943.468, F.S.
 2. For the period between September 1, 1981, and December 31, 1981, an alien corporation is not required to file a report pursuant to s. 943.468(3), F.S., but the registered agent of such an alien corporation is required to file a statement accepting appointment pursuant to s. 943.468(2), F.S.
 3. Even if an alien corporation has previously qualified to transact business in Florida, pursuant to ch. 607, F.S., and has complied with all the requirements of ch. 607, such an alien corporation must also file pursuant to s. 943.468, F.S.
 4. When an alien corporation does not have any of the corporate officers listed in s. 943.468(3)(e), F.S., who are authorized to sign an annual report, the alien corporation may submit an annual report signed and attested to by one of the counterparts of the officers listed in the statute.
 5. The Department of State should file an alien corporation annual report submitted later than the day following the date of signature.
 6. A corporation organized under the laws of one of the other 49 states is not, by definition, an `alien corporation' for purposes of s. 943.468, F.S., and, therefore, is not required to file an alien corporation report with the Department of State.
AS TO QUESTION 1:
As part of its efforts to combat organized crime, the Florida Legislature, via ch. 77-334, Laws of Florida, adopted the Florida Racketeer Influenced and Corrupt Organization (hereinafter RICO) Act. The Act provides a wide array of remedies, both criminal and civil, for application in cases involving persons engaged in activities prohibited by the Act.
In an attempt to further strengthen the potential impact of the Act, the Florida Legislature enacted ch. 81-141, Laws of Florida. Along with establishing a RICO lien and imposing certain specified duties upon trustees of land trusts, the Act created s. 943.468, F.S., which requires, inter alia, alien corporations owning an interest in Florida real property to file an annual sworn report with the Department of State. See s. 943.468(3), F.S.
The definitional section of ch. 81-141, Laws of Florida, provides a starting point for the answer to your first question. For the purposes of s. 943.468, F.S., an `alien corporation' is defined as `a corporation organized under laws other than the laws of the United States or the laws of any state of the United States.' (Emphasis supplied.) Section 1, ch. 81-141; s. 943.461(13), F.S. Thus the question becomes whether or not District of Columbia or United States territorial corporations are organized under laws of the United States or the laws of any state of the United States.
Corporations of both the District of Columbia and United States' territories are authorized by Congress. 18 C.J.S. Corporations ss. 29, 30. Congress has power to exercise exclusive legislation over the District of Columbia. Section 8, subd. 17, Art. I, U.S. Const. Pursuant to its constitutional authority, Congress has the power, which may be delegated, to create corporations within the district. Luxton v. North River Bridge Co., 153 U.S. 525,14 S.Ct. 891, 38 L.Ed. 808 (1894); District of Columbia v. John R. Thompson Co., 346 U.S. 100, 73 S.Ct. 1007, 97 L.Ed. 1480 (1953). Likewise, a territorial corporation is organized by authority of the laws of Congress. Section 3, subd. 2, Art. IV, U.S. Const.; Mormon Church v. United States, 136 U.S. 2, 10 S.Ct. 792, 34 L.Ed. 478 (1890). Thus, territorial and District of Columbia corporations are organized under the laws of the United States. Accordingly, your first question is answered in the negative.
AS TO QUESTION 2:
An alien corporation desiring to acquire of record any real property in the State of Florida shall have, prior to such acquisition, and must continuously maintain in this state during any year thereafter in which such real property is owned by the alien corporation: (a) a registered office and (b) a registered agent. Section 943.468(1), F.S. Cf. s. 607.324(1), F.S. No earlier than January 1 and no later than July 1 of each year, each alien corporation must file a sworn report with the Department of State. Section 943.468(3), F.S. Each registered agent appointed pursuant to s. 943.468 is required to file a statement in writing with the Department of State accepting appointment as registered agent simultaneously with being designated. Section 943.468(2), F.S. Cf. s. 607.324(1), F.S.
Your second question, which pertains solely to the initial 3-month period (September 1-December 31, 1981), in which s. 943.468, F.S., is effective, depends on whether the statute has prospective or retroactive application. Normally, a statute operates prospectively unless a contrary legislative intent is clearly expressed. State ex rel. Riverside Bank v. Green, 101 So.2d 805
(Fla. 1958). There is no evidence that the Legislature intended s. 943.468 to operate retrospectively. Thus, the statute would apply to alien corporations after its effective date, September 1, 1981.
In answer to the first part of Question 2, s. 943.468, F.S., does not require an alien corporation to file an annual report until 1982. While s. 943.468(3), F.S., requires an alien corporation's annual report to be filed between January 1 and July 1 of each year, the statute has no force and effect for any purpose until September 1, 1981. See Neisel v. Moran, 85 So. 346, 358-359 (Fla. 1920). Pinellas County Planning Council v. Smith, 360 So.2d 371,372, footnote 1 (Fla. 1978).
Had the Legislature intended for each alien corporation to file an annual report in the calendar year 1981, it could have easily so provided or made the Act operative for that purpose from January 1, 1981. By providing for most of ch. 81-141, Laws of Florida, to be effective June 24, 1981, while making s. 943.468, effective September 1, 1981, the Legislature intended that an alien corporation would not be required to file an annual report between September 1, 1981 and December 31, 1981. Accordingly, January 1, 1982, is the earliest date for filing the report required by s. 943.468(3).
The second part of Question 2 refers to s. 943.468(2), F.S., which requires each registered agent, appointed pursuant to this section, on whom process may be served, to file a statement in writing with the Department of State accepting the appointment as registered agent simultaneously with being designated. Each alien corporation desiring to acquire of record any real property in this state must have, prior to acquisition, and maintain continuously thereafter in any year in which such real property is owned by the alien corporation, a registered agent. Section 943.468(1)(b), F.S. In the absence of any contrary legislative intent, the duty of the alien corporation to appoint a registered agent pursuant to s. 943.468(1)(b), and the duty of the registered agent to file a statement accepting appointment pursuant to s. 943.468(2), begins on September 1, 1981, the effective date of s. 943.468.
AS TO QUESTION 3:
Although an alien corporation has previously qualified to transact business in Florida pursuant to ch. 607, F.S., and is currently in good standing, that corporation must, nevertheless, file its annual report pursuant to s. 943.468(3), F.S., for the purposes of that section. Cf. s. 943.468(7), F.S. The Legislature could have provided for an exception for such alien corporations but chose not to do so.
In construing a statute, unambiguous language must be accorded its plain meaning. Carson v. Miller, 370 So.2d 10 (Fla. 1979). Where the legislative intent as evidenced by statute is plain and unambiguous, there is no need for construction or interpretation of the statutory language. State v. Egan, 387 So.2d 1 (Fla. 1973). Therefore, while the information contained in the reports required by ss. 607.357 and 943.468 is quite similar, the filing of separate reports for the purposes of and pursuant to each statute is required.
AS TO QUESTION 4:
The 1981 amendment to the RICO Act requires the annual report submitted by an alien corporation owning real property in the State of Florida to be signed by one or the other of certain enumerated corporate officers attesting to the accuracy of the report: the corporate president, vice-president, secretary, assistant secretary, or treasurer. Section 943.468(3)(e), F.S. Section 943.468(3)(c) requires the annual report of an alien corporation to set forth the name and address of each officer and director of the corporation. In your fourth question, you quite accurately explain that certain alien entities do not have officers with the distinctive titles of office listed in subsection (3)(e) of s. 943.468, F.S., but have other titles for their corporate officers such as members and/or managers. Cf. 19 C.J.S. Corporations s. 1000.
When legislative intent can be ascertained with reasonable certainty, words may be altered or supplied to give effect to a statute and to avoid repugnancy or inconsistency with the legislative intent. Haworth v. Chapman, 152 So. 663 (Fla. 1934). The overriding intent of the Legislature in adopting s. 943.468(3), F.S., is to require an alien corporation owning real property in Florida to file an annual report. To give effect to the legislative intent, the statute should be construed to allow the signing and attesting to the accuracy of the report by those officers of the alien corporation who are empowered under its charter to perform executive functions similar to those of the designated officers of American corporations.
A contrary interpretation of the statute would not only frustrate the objective of s. 943.468(3), F.S., but would result in alien corporations without any of the statutorily titled officers being unable or unwilling to file an annual report or would permit the alien corporation to circumvent the requirements of subsection (3) of s. 943.468. Construction of a statute leading to such absurd consequences is disfavored. City of St. Petersburg v. Siebold,48 So.2d 291 (Fla. 1950). Therefore, where an alien corporation does not have at least one officer similar to those described in the statute, it may submit a report signed and attested to by its board of directors or one of the counterparts of the designated officers listed in s. 943.468(3), F.S., who, regardless of title, are charged with the executive authority and functions of the alien corporation under its charter.
AS TO QUESTION 5:
According to the terms of s. 943.468(3)(e), the sworn annual report of an alien corporation must set forth the signature of the designated corporate officer or officers attesting to the accuracy of the report as of the day immediately preceding the filing of the report. As you note in an explanatory note to your fifth question, a report which is signed and mailed from outside of the continental United States could not possibly be signed and attested to as of the date immediately preceding the filing of the report with the Department of State.
In certain cases, mandatory language in a statute is sometimes construed as directory, depending on the history and subject matter of a particular provision. In such cases, substantial compliance with the statutory provisions is sufficient. Schneider v. Gustafson Industries, Inc., 139 So.2d 423 (Fla. 1962).
The purpose behind s. 943.468(3)(e), is to insure that the information contained in the alien corporation annual report is reasonably current. The purpose of the statute is satisfied if the annual report is mailed immediately after signing and received by the Department of State shortly thereafter. Cf. s. 607.357(2), F.S.
Even when the Department of State receives an annual report which has not been signed on the immediately preceding day, the report should nevertheless be filed. Section 943.468 does not authorize the Department of State to refuse to file a report which it considers deficient. Cf. s. 607.357(3), F.S. If the Department of State concludes that an alien corporation annual report does not meet the requirements of s. 943.468, F.S., then the Department should record the status of any alien corporation failing to so comply. Section 943.468(5), F.S. Consequently, the Department of State should file a report that is submitted later than the day following the date of signature.
AS TO QUESTION 6:
As you indicate in an explanatory note to your sixth question, a corporation organized under the laws of one of the other 49 states is not, by the terms of s. 943.468, F.S., required to file the prescribed annual report with the Department of State. Section 943.468 applies only to an alien corporation which is defined by s. 943.461(13), F.S., as `a corporation organized under laws other than the laws of the United States or the laws of any state of the United States.' Therefore, an American Corporation, for purposes of s. 943.468, is not an alien corporation and is not required to do anything under that section. Cf. s. 607.004(2), F.S.
Prepared by: James M. Barton, II, Assistant Attorney General