497 So.2d 990 (1986)
ST. JOHN'S VILLAGE I, LTD., and St. John's Village II, Ltd., Appellants,
v.
DEPARTMENT OF STATE, DIVISION OF CORPORATIONS, Appellee.
No. 86-60.
District Court of Appeal of Florida, Fifth District.
November 20, 1986.
*991 Andrew K. Macfarlane of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Patricia L. Smith, Tallahassee, for appellee.
COBB, Judge.
The issue raised in this case is whether the 1984 amendment of section 620.31, Florida Statutes (Supp. 1984), has retroactive effect so as to authorize fines against limited partnerships for transacting business without authority prior to June 7, 1984, the effective date of the amended statute. This is a case of first impression in Florida.
Prior to the 1984 amendment, section 620.31(2), Florida Statutes (1983), stated:
(2) If the general and limited partners find it desirable to reactivate the limited partnership after publication of notice that its certificate has expired, they shall file a new certificate pursuant to s. 620.02 and all delinquent reports and fees or taxes required under law.
In 1984, section 620.31 was amended to read:
(6) A limited partnership which transacts business in this state without authority to do so is liable to this state, for each year or part of a year during which it has transacted business without authority, in an amount equal to the amount of all fees and taxes which would have been imposed by this chapter upon such limited partnership had it duly filed all required annual reports and amendments to its certificate of limited partnership and paid all the fees. In addition to the payments thus prescribed, the department shall, prior to reinstatement, collect from such limited partnership a fine in the amount of $500 for each such year or part of a year during which such limited partnership has so transacted business without authority. (Emphasis added.)
The facts on appeal are essentially uncontested. The appellants are limited partnerships which manage and operate rental property in Florida. The limited partnerships originally registered themselves with the Department of State in 1970. In 1979, the Department of State, Division of Corporations (hereinafter Department), pursuant to section 620.31, Florida Statutes (1979), cancelled the limited partnerships' certificates *992 of authority to transact business due to their failure to file annual reports and pay annual filing fees.
In the fall of 1984, after the amendment of the statute had become effective,[1] the limited partnerships sought to have the Department reinstate their certificates of authority to transact business. The Department replied that in order to do so, the limited partnerships would have to file annual reports and pay annual filing fees for each year or part thereof in which they had transacted business without having a valid certificate (1979 through 1984); the Department also assessed against each limited partnership a $500 fine for each of these years pursuant to the amended statute. Under protest, each limited partnership paid the Department $180.00 in fees and $3,000.00 in fines, then initiated an administrative proceeding to recover the fines. After final order was entered by the Assistant Secretary of State upholding the fines, the limited partnerships brought this appeal.
The limited partnerships contend that it was improper for the Department to apply retroactively the amended provisions of section 620.31(6), Florida Statutes (Supp. 1984), to those years they had transacted business without authority prior to the effective date of the amendment. In support of their position, they urge that the following rule is controlling:
In Florida, it is clear that in the absence of an explicit legislative expression to the contrary, a substantive law is to be construed as having prospective effect only.
Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985). See also State v. Lavazzoli, 434 So.2d 321 (Fla. 1983); Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977). The limited partnerships also urge that the $500.00 per year fine pursuant to section 620.31(6) constitutes a "new obligation or duty," is substantive in nature, Young, 472 So.2d at 1154, and therefore cannot be applied retroactively.
The Department admits the validity of the general rule that statutes are presumed to act prospectively, and not retroactively, but argues that the rule should not apply in the instant case for several reasons. First, the Department contends that the plain language of section 620.31(6), which states, "the department shall ... collect from such limited partnership a fine in the amount of $500 for each year or part of a year during which such limited partnership has so transacted business without authority," is an explicit legislative expression showing that the statute was intended to apply retroactively. This contention is erroneous.
The use of the past tense in the statute (the Department shall collect the $500 fine "for each year a limited partnership has so transacted business without authority") (emphasis added) gives no clue as to whether the legislature intended the statute to operate retroactively; many exclusively prospective statutes similarly use the past tense. In fact, because section 620.31(6) "creates new obligations and imposes new penalties" (a $500 per year fine), the statute must evince an even clearer expression of intent to be applied retroactively, Larson v. Independent Life and Accident Insurance Co., 158 Fla. 623, 29 So.2d 448 (1947), and the plain language of the statute does not do so. Nor has the Department pointed to any implication in either section 620.31(6) or that statute's legislative history indicating the legislature intended the statute to be applied retroactively. Larson, 29 So.2d at 448 (implication supporting interpretation that a statute be applied retroactively must be unequivocal and leave no room for doubt as to legislative intent). Thus, the Department's argument of retroactivity based on legislative intent must fail.
The Department's second attack on the presumption that section 620.31(6) has only prospective application is the contention that the statute is remedial. The Department correctly notes that remedial statutes are excepted from the general rule that statutes be applied prospectively. For *993 example, the Florida Supreme Court has noted:
Remedial statutes or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against retrospective operation of statutes.
City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961). See also Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157 (Fla. 3d DCA 1984); Heberle v. P.R.O. Liquidating Co., 186 So.2d 280 (Fla. 1st DCA 1966). By definition, a remedial statute is one which confers or changes a remedy; a remedy is the means employed in enforcing a right or in redressing an injury. Grammer v. Roman, 174 So.2d 443 (Fla 2d DCA 1965). The newly imposed $500 per year penalty in section 620.31(6) does not relate either to enforcing a right or to redressing an injury, and is therefore not remedial in nature.
Finally, the Department's third argument, that section 620.31(6) should be applied retroactively because it is merely procedural, must also be rejected. This statute imposes "a new obligation or duty," and is therefore substantive in nature, not procedural. Young v. Altenhaus, 472 So.2d 1152, 1154 (Fla. 1985). The retroactive application of section 620.31(6) is necessarily invalid because the imposition of a $500 per year fine is a new obligation imposed in connection with previous transactions. See 73 Am.Jur.2d Statutes § 354 (1974); cf. McCord v. Smith, 43 So.2d 704 (Fla. 1949).
We conclude that section 620.31(6), Florida Statutes (Supp. 1984), is prospective and not retroactive. There is no explicit legislative expression to the contrary. The imposition of a $500 per year fine constitutes a new obligation or duty, is substantive in nature, and does not fall into any exceptions to the prospective application rule. The Department erred in retroactively applying section 620.31(6) to impose fines upon the limited partnerships for those years they transacted business without authority prior to the effective date of the 1984 amendment to the statute.
REVERSED.
UPCHURCH, C.J., and LEE, R.E., Associate Judge, concur.
NOTES
[1] Chapter 84-134, § 4, Laws of Florida.