**UNITED GUARANTEE RESIDENTIAL INSURANCE CORPORATION OF NORTH CAROLINA, Plaintiff,**

v.

**AMERICAN PIONEER SAVINGS BANK, Defendant/Third-Party Plaintiff,**

v.

**FIRST FLORIDA FUNDING CORPORATION, a Florida corporation, and First Imperial Mortgage Corporation, a Florida corporation, Third-Party Defendants.**

No. 85–3160–Civ.

United States District Court, S.D. Florida.

Feb. 11, 1987.

Gerald Wald, Miami, Fla., for plaintiff.

Robert Summers, Stuart, Fla., for defendant/third-party plaintiff.

George O. Rodriguez, Hialeah, Fla., for third-party defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ATKINS, Senior District Judge.

THIS CAUSE is before the court on plaintiff's motion for summary judgment. I have reviewed the motion, memoranda, the record, and relevant legal authority; therefore, it is

ORDERED AND ADJUDGED that plaintiff's motion is *granted.*

In this diversity action, plaintiff seeks declaratory relief against defendant as successor to the interests of First Federal Savings & Loan of Martin County. Plaintiff is an insurer of mortgage loans on residential property, and is engaged in the business of insuring lenders against loss when borrowers default on their loans. Here, plaintiff issued a policy to defendant, and then issued and delivered certain certificates of insurance to defendant. Now, plaintiff has tendered the return of the premiums, and asks that the policies in question be rescinded because of the material misrepresentations contained in the application submitted by defendant.[1]

Based upon my review of the materials contained in the record, and having considered the arguments during a hearing on this matter, the following facts are accepted as the foundation for my order granting plaintiff's motion for summary judgment.[2]

1. UNITED is an insurer of mortgage loans on residential real property and is engaged in the business of insuring lenders against loss when borrowers default on their mortgage loans.

2. AMERICAN PIONEER is a lending institution whose business includes originating loans to various individuals and entities, including loans secured by mortgage liens.

3. On or about July 10, 1981, UNITED issued to AMERICAN PIONEER a Real Estate Equity Loan Insurance Policy, Master Policy No. 109–2050 ("Master Policy") in consideration of premiums to be paid by AMERICAN PIONEER to UNITED.

4. Following the issuance of the Master Policy, AMERICAN PIONEER commenced submitting to UNITED its applications for mortgage insurance under the Master Policy.

5. On or about August 30, 1983, UNITED issued insurance certificate number 4160, pursuant to which UNITED agreed to insure a loan made by AMERICAN PIONEER to Jose and Miriam Castillo on real property located at 1331 N.W. 9th Avenue, Miami, Florida.

6. On or about July 8, 1982, UNITED issued insurance certificate number 15857, pursuant to which UNITED agreed to insure a loan made by AMERICAN PIONEER to Israel and Damaris Castillo on real property located at 6924 S.W. 127th Court, Miami, Florida.

7. The application submitted to UNITED for insurance certificate number 4160 contains misrepresentations relating to the income of the borrowers, Jose and Miriam Castillo.

8. The application submitted to UNITED for insurance certificate number 15857 contains misrepresentations relating to the income of the borrowers, Israel and Damaris Castillo.

9. The misrepresentations in the applications submitted to UNITED for insurance certificate numbers 4160 and 15857 were material to the risk assumed by UNITED.

The application submitted by Jose and Miriam Castillo for insurance certificate number 4160 represents that in August, 1982 Jose Castillo was employed by a company known as Ship's Service, Inc., as general manager at an income of $2,800.00 per month, plus a $2,000.00 annual bonus and that he had been so employed for two years (Castillo Dep., Exh. 2). The 1982 Joint

---

1. Defendant is not alleged to have acted in bad faith, but simply supplied incorrect information, material to plaintiff's acceptance of the risk involved, based upon the misrepresentations of the borrowers to defendant.

2. Most of the facts are not disputed.

Income Tax Return of Jose and Miriam Castillo reflects no income from Ship's Services and a total income of only $6,374.00 for the entire 1982 calendar year. (Castillo Dep., Exh. 1).

The application submitted by Israel Castillo for insurance certificate number 15857 represents that in June, 1983, Israel Castillo was employed as overseas operations manager by a company known as Universal Machinery at an income of $3,033.00 per month and that he had been so employed for three years. The deposition of Oscar A. Carrazana, the accountant and record custodian of Universal Machinery, establishes that Castillo was never an employee of Universal Machinery, never received a salary and was never issued a W–2 form from Universal Machinery (Carrazana Dep., p. 5). Castillo did not earn $3,033.00 per month at Universal Machinery in 1983 (Carrazana Dep., p. 6). According to the books and records of Universal Machinery, Israel Castillo received a total of $2,352.00 in 1983 as commissions and never earned a total of $3,033.00 during his entire affiliation with Universal Machinery (Carrazana Dep., p. 8).

The record in this action is uncontroverted that the foregoing misrepresentations were material to the risk UNITED agreed to assume and that UNITED in good faith would not have issued the insurance certificates in question if it had known the true facts. Jerry Cole, Vice President in charge of underwriting at UNITED, has submitted a sworn affidavit in support of UNITED's Motion For Summary Judgment. Mr. Cole states in his affidavit that UNITED would not have issued insurance certificate numbers 4160 and 15857 had it known of the true income of the borrowers. Indeed, the true income figures for these borrowers would violate the acceptable debt ratio guidelines as set forth in UNITED's Operating Manuals and would disqualify these borrowers from even obtaining UNITED's mortgage guaranty insurance.

## Legal Discussion

 Before I may consider the substantive issues involved in this case, certain evidentiary and procedural points must be resolved. Defendant concedes the veracity of the first six factual items stated in this order, but argues that the existence and materiality of any misrepresentations is disputed. He urges that plaintiff's evidence is not sufficient to satisfy its burden of proof regarding the asserted material misrepresentations. First, I believe that plaintiff's evidence is admissible, and establishes the nature and significance of the misrepresentations.[3] Next, defendant must do more than simply claim that a factual dispute exists. Instead, defendant must show, through affidavits or discovery materials, that there is a foundation for a genuine issue of material fact. *See Fed.R. Civ.P.* 56(c); *Anderson v. Liberty Lobby,* —— U.S. ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Here, defendant cannot identify any evidence to support its bald assertion that a dispute exists.[4]

Proceeding to the substantive issues, I note that plaintiff asserts alternative theories which he argues support his right to summary judgment. His first argument is that a misrepresentation will invalidate a policy if it is "fraudulent; ... material either to acceptance of the risk or to the hazard assumed by the insurer; or [t]he insurer in good faith would not have issued the policy or" would have issued it at a different premium rate or in a different

---

**3.** Plaintiff relies upon the Joint Income Tax return of Jose and Miriam Castillo, and information from the books and records of Universal Machinery supplied by Universal's accountant and record custodian.

**4.** I mean no criticism of counsel's argument. In fact, he argued his point quite eloquently given the facts of this case. Nevertheless, further discovery would not be productive. For example, Mr. Castillo would have to waive his Fifth Amendment right and admit that he falsified his tax return for further discovery to be of assistance.

amount had the truth been known. Plaintiff states that his argument is based upon *Florida Statute* § 627.409.[5] In addition, plaintiff asserts that it is entitled to summary judgment under common law contract principles. Defendant insists that plaintiff is incorrect and relies upon an unpublished decision rendered by Judge Elizabeth A. Kovachevich.

Florida courts have consistently applied the language of *Florida Statute* § 627.409 to invalidate insurance policies in certain instances. For example, in *Life Insurance Company of Virginia v. Shifflet,* 201 So.2d 715 (Fla.1967), the Florida Supreme Court interpreted the predecessor provision of § 627.409 to mean that innocent misrepresentations in insurance applications could void an insurance policy. *Id.* at 719. All that the statute requires is that the misrepresentation be material to the acceptance of the risk or for the insured in good faith to assert that it would not have issued the policy with the same terms, if it had known the truth; no actual knowledge of incorrectness, untruth, or deliberate falsehood is required. *See id.* Significantly, the Florida Supreme Court recently reviewed § 627.409, and reaffirmed the rule that even unintentional mistatements in an application can prevent recovery under an insurance policy. *Continental Assurance Co. v. Carroll,* 485 So.2d 406 (Fla.1986). Finally, in *Continental Mortgage Insurance v. Empire Home Loans,* Case No.

75–1099–civ–King (S.D.Fla. Nov. 26, 1975), Judge King applied *Florida Statute* § 627.409 and the *Shifflet* principle to rescind mortgage insurance certificates where material misrepresentations were made in the mortgage insurance applications.

■ I find *Carroll, Shifflet,* and *Empire Home Loans* to be thouroughly persuasive. Moreover, I believe that Judge Kovachevich's case can be distinguished. First, the language of the policies are different. Second, Judge Kovachevich relied upon *Florida Statute* 635.091.[6] However, this statute had not been enacted at the time that the applications were filed in the case *sub judice.*[7] Accordingly, I find that plaintiff is entitled to summary judgment on its claim for rescission of certificates 4160 and 15857; therefore, certificate numbers 4160 and 15857 are declared void *ab initio* because of material misrepresentations contained within the applications submitted by defendant.

■ Alternatively, I find that plaintiff is entitled to relief under common law contract principles. *See Carroll* at 409. Under the master policy, representations of the borrowers becomes information from defendant/lender upon which plaintiff is entitled to rely. Thus, the policy was issued in reliance upon accurate information. If material misrepresentations exist, then the contract can be voided.

---

5. *Florida Statute* § 627.409 provides, in pertinent part, as follows: (1) All statements and descriptions in any application for an insurance policy * * * by or in behalf of the insured * * * shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
 (a) They are fraudulent;
 (b) They are material either to acceptance of the risk or to the hazard assumed by the insurer; or
 (c) The insurer in good faith would either not have issued the policy or contract, would not have issued at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made

known to the insurer as required either by the application or the policy or contract or otherwise.

6. *Florida Statute* 635.091 **Provisions of Florida Insurance Code applicable to mortgage guaranty insurance.**—The following provisions of the Florida Insurance Code apply to mortgage guaranty insurers: chapter 624; chapter 625; parts I, II, VIII, and X of chapter 626; s. 627.915; chapter 628; and chapter 631.

7. I agree with plaintiff that § 635.091 should not be applied retroactively to cancel § 627.409. *See In re Seven Barrels of Wine,* 79 Fla. 1, 83 So. 627 (Fla.1920); *Larson v. Independent Life & Accident Insurance,* 158 Fla. 623, 29 So.2d 448 (1947); *State Department of Transportation v. Knowles,* 402 So.2d 1155 (Fla.1981).

For all of the reasons expressed in this order, I find that plaintiff is entitled to summary judgment as a matter of law.