129 So.2d 133 (1961)
CITY OF LAKELAND, Florida, and Bituminous Casualty Corporation, Petitioners,
v.
Thomas CATINELLA, City of Lakeland, Florida, Hartford Accident and Indemnity Company, and Florida Industrial Commission, Respondents.
No. 30869.
Supreme Court of Florida.
April 28, 1961.
*134 Rodney Durrance and Calvin A. Pope of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for petitioners.
Heskin A. Whittaker, Orlando, Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondents.
O'CONNELL, Justice.
The controversy involved herein is one between two workmen's compensation carriers, Bituminous Casualty Corporation and Hartford Accident & Indemnity Company. The rights of the claimant, Thomas Catinella, are in no way contested.
Claimant, an employee of the City of Lakeland, suffered a compensable injury on November 30, 1954. Bituminous was the carrier for the city at that time and furnished immediate medical attention. When claimant subsequently became disabled as a result of the injury, Bituminous commenced payment of permanent partial disability benefits. Claimant continued working for the city at lighter duties until March 11, 1957 when, as found by the deputy commissioner, claimant suffered a second compensable accident. Further medication and surgery were necessitated and claimant's permanent partial disability rating was increased 10%. Bituminous, which had ceased to be the city's carrier on a date prior to that of the second accident but had continued payment of all of claimant's benefits, supplied all medical and compensation benefits occasioned by the second accident without controverting any of such claims until July 23, 1959, as will be explained below.
The city's carrier on March 11, 1957 was the respondent, Hartford Accident and Indemnity Company. On July 23, 1959 the petitioner, Bituminous, with notice to Hartford, requested a hearing before the Industrial Commission "to determine which carrier is responsible for the medical and other benefits subsequent to the March 1957 incident," but voluntarily continued payment of compensation benefits to claimant.
At the hearing the petitioner, Bituminous, took the position it was responsible for no part of the medical and compensation benefits due to the claimant subsequent to the accident of March 11, 1957.
Hartford, the respondent, raised several legal questions. First, it questioned the jurisdiction of the Industrial Commission over the dispute. Other questions were raised, including the contention that the episode of March 11, 1957 did not in fact constitute a second accident and that claimant's present condition was merely the natural result of his degenerative disease, arachnoiditis, caused by the injury in 1954.
The deputy ruled against the respondent, Hartford, on all points. He found there had been a second accident which materially aggravated claimant's pre-existing condition, related to the first accident. He then ordered the petitioner Bituminous and the respondent Hartford to share equally in the payment of future medical and compensation benefits (which promise to be considerable) from and after July 23, 1959, the date Bituminous gave notice to Hartford.
Hartford applied to the Full Commission for review, raising again the points urged before the deputy. The petitioner Bituminous filed cross-application for review, arguing that it had no responsibility for medical and compensation benefits subsequent to March 11, 1957, or, in the alternative, the deputy should have ordered Hartford to share equally from and after March 11, 1957, the date of the second accident, rather than merely from July 23, 1959, the date of notice.
The Full Commission affirmed the deputy, finding his order supported by competent substantial evidence according with logic and reason.
*135 From the order of the Full Commission only the petitioner, Bituminous, petitioned this Court for review.
Since Hartford sought no review it is not entitled to consideration by this Court of all questions raised by it before the deputy and the Full Commission. Nevertheless, the question of whether there was in fact a second accident on March 11, 1957 is inherent in Bituminous' petition on this review and was actually made a point in Bituminous' brief in support of its petition for writ of certiorari.
A review of the record before us reveals competent substantial evidence according with logic and reason to support the finding that there was a second accident. Therefore, we conclude that the order of the deputy and the Full Commission is affirmed as to this point.
While Hartford did not file a petition for review, at oral argument it again argued that the Industrial Commission had no jurisdiction over this controversy between the two carriers. Under F.A.R. 3.7, subd. i, 31 F.S.A., this Court may notice jurisdictional error, if there be such, whether or not it has been made the subject of an assignment of error. Accordingly, this Court, feeling the question to be substantial, has given it due consideration.
In his order the deputy noted that Hartford contended that authority for the procedure followed by Bituminous was F.S. § 440.42, F.S.A., prior to amendment in 1957, but the deputy was of the opinion the controlling statute was Sec. 440.20(8), F.S.A. The deputy found the language of that section to clearly provide jurisdiction of the commission to hold such hearings necessary to protect the parties, stating that both carriers were proper parties to the hearing. The deputy set out in his order what he considered to be the controlling provisions of the statute, adding emphasis as follows:
"The commission (a) may upon its own initiative at any time in a case in which payments are being made without an award * * * make such investigation, cause or hold such hearings, and take such further action as it considers will properly protect the rights of the parties."
We cannot agree with the deputy. We are of the opinion he failed to consider the controlling provisions of that statute, as further evidenced by his omission thereof in his quotation of the section, above. The statute, in toto, is as follows:
"(8) The commission (a) may upon its own initiative at any time in a case in which payments are being made without an award, and (b) shall in any case where right to compensation is controverted, or where payments of compensation have been stopped or suspended, upon receipt of notice from any person entitled to compensation, or from the employer, that the right to compensation is controverted, or that payments of compensation have been stopped or suspended, make such investigations, cause such medical examination to be made, or hold such hearings, and take such further action as it considers will properly protect the rights of all parties."
We have given emphasis to the provisions thereof which do control the issue.
In this case claimant's right to compensation is in no way controverted or threatened. There was no notice from the claimant or the employer that the right to compensation was controverted or that payment of compensation had been stopped or suspended. These requisites, set forth in the statute, not having been met, there was no authority for the commission to assume jurisdiction of the controversy between the carriers under that statute.
The only other possible authority for the commission's assumption of jurisdiction, Hartford argued, lay in the provisions of Sec. 440.42(3), F.S.A. Hartford further argued that the law applicable to this cause *136 was that effective on the date of the second accident, March 11, 1957, and since Sec. 440.42(3) had not yet been enacted at the time of the second accident the commission could not proceed to take jurisdiction of this matter under that statute.
Sec. 440.42(3) which became effective on July 1, 1959 (this 1959 amendment merely added to the original subsection, which became effective July 1, 1957, provision for the case where one of the two carriers voluntarily commenced payment of compensation or medical benefits) reads as follows:
"When there is any controversy as to which of two or more carriers is liable for the discharge of the obligations and duties of one or more employers with respect to a claim for compensation, remedial treatment or other benefits under this chapter the commission shall have jurisdiction to adjudicate such controversy; and if one of the carriers either voluntarily or pursuant to a compensation order makes payments in discharge of such liability pending determination thereof by a deputy commissioner or pending review thereof by the full commission or the court and it is finally determined that another carrier is liable for all or any part of such obligations and duties with respect to such claim the carrier which has made payments either voluntarily or in compliance with the compensation order shall be entitled to reimbursement from the carrier finally determined liable, and the commission shall have jurisdiction to order such reimbursement." (Emphasis added.)
We cannot agree with Hartford's argument on this point. As we view the matter the applicable statutory provisions are those in effect when the controversy between the two carriers arose, not those in effect at the time the second accident occurred. The controversy arose July 23, 1959 when Bituminous gave notice to Hartford and requested a hearing before the commission. Sec. 440.42(3), as amended in 1959, was effective on the date the controversy arose.
The subject statute is in no way directly concerned with the question of the compensability of a claim or, from the claimant's standpoint, the receipt of the benefits to which he has become entitled thereby. It relates only to a controversy between two or more carriers as to which is liable for the discharge of the duties and liabilities of an employer occasioned by the compensable claim, where such matters as the claim's compensability and the awards to be made therefor have been voluntarily accepted by one of the carriers or have been already determined under other provisions of the Workmen's Compensation Act, Ch. 440, F.S.A. Here, the first carrier voluntarily assumed the discharge of the obligations occasioned by the second compensable injury. While controversy with the second carrier was potential from March 11, 1957 on, it did not arise until July 23, 1959 when Bituminous finally and belatedly chose to controvert with Hartford which carrier should discharge the obligations of the employer to the claimant, or to what extent each of the two carriers should discharge such obligations.
It should be noted that the right of Bituminous to have Hartford assume or share in the discharge of the obligations was not created by subsection (3) of the statute. That right, a matter of insurance contract law, already existed and was subject to being enforced in appropriate judicial proceedings. The subject statute, rather, is more related to a remedial or procedural statute and empowered the Industrial Commission to assume jurisdiction to adjudicate such controversies. Remedial statutes or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against retrospective operation of statutes. Cunningham *137 v. State Plant Board of Florida, Fla. App. 1959, 112 So.2d 905, certiorari denied Fla., 115 So.2d 701. This meets the possible argument the subject cause should be governed by the law applicable at the time of the second accident, that is, at the time controversy became possible, and not, retrospectively, by a subsequent enactment in effect when Bituminous gave notice of the controversy arising from the discharge of the obligations related to such prior, second accident.
The deputy reasoned that whether jurisdiction was granted under Sec. 440.20(8) or Sec. 440.42(3), the commission was empowered to order apportionment only subsequent to the date of the filing of claim for such (the notice of July 23, 1959 in this case). As above stated we have determined that Sec. 440.20(8) is not applicable here, but we are in full accord with the deputy's construction of Sec. 440.42(3). The terms thereof clearly indicate that the carrier which, subsequent to placing the matter before the commission for final determination, either voluntarily commences payment of the obligations of the employer to the claimant or, after a hearing before the deputy commissioner, is ordered to so pay, may, upon final determination by the full commission or the court, be reimbursed from the date the controversy became pending before the commission. The statute does not say merely that one who voluntarily commences payment of the obligations shall, upon final determination, be entitled to reimbursement; rather, it provides that whenever a carrier voluntarily makes such payments "pending determination thereof by a deputy commissioner" it may be so entitled. Here, Bituminous voluntarily commenced payment shortly after the second accident in March 1957, but at that instant was not paying such pending determination of a controversy by a deputy commissioner. The controversy did not become pending within the purview of the statute until July 23, 1959.
In summary, we have determined that the deputy commissioner correctly assumed jurisdiction to determine this controversy between the two carriers, although he erroneously found authority to do so under the provisions of Sec. 440.20(8) rather than Sec. 440.42(3), F.S.A. Further, we have determined that the findings of the deputy commissioner in this cause are supported by competent substantial evidence, according with logic and reason.
Accordingly, the petition for writ of certiorari is hereby denied.
TERRELL, Acting C.J., and ROBERTS, DREW and THORNAL, JJ., concur.