HENDRY, Judge.
Appellant, defendant below, brings these consolidated appeals from two final judgments of the circuit court in favor of ap-pellees, plaintiffs below. Appellant originally appealed directly to the Supreme Court of Florida which, after determining that jurisdiction was properly in this court, transferred the appeals to us for consideration and determination.
Appellant is the Department of Business Regulation, Division of Hotels and Restaurants, an agency of the State of Florida. Appellees, pursuant to a license issued by appellant, own and operate an apartment building in Dade County, Florida, known as Lancelot Hall.
Prior to October 1, 1972, appellees had rented numerous apartments in Lancelot Hall pursuant to a standard printed lease form. Under this lease, security deposits were required to be paid by the various tenants.
After receiving complaints from the tenants, appellant instituted administrative action against appellees alleging that they had failed to pay interest on the tenants’ security deposits it had been holding since October 1, 1972, as required by § 83.49, Fla.Stat., F.S.A., of the Florida Residential Landlord and Tenant Act.
Appellees then instituted declaratory judgment actions in the circuit court seeking to preclude appellant from enforcing the terms of the Act or applying it unconstitutionally to them. Thereafter, the circuit court entered two final judgments dated June 28 and July 9, 1974, holding that appellant did not have the authority to impose a fine against appellees or to revoke their license for failure to comply with either § 83.261 or § 83.49, Fla.Stat., F.S.A., of the Act. Additionally, the circuit court held that §§ 83.261(2) (b) and 83.49(2), Fla.Stat., F.S.A., effective October 1, 1972, and July 1, 1973, respectively, did not apply retroactively so as to require the payment of interest on security deposits received by appellant under written leases created prior to October 1, 1972.
From these two judgments, appellant appeals contending the circuit court erred in determining: first, that § 83.49(2), Fla. Stat., F.S.A. does not require the payment of interest on security deposits received by appellees from tenants under written leases executed prior to October 1, 1972, and, second, that the division of Hotels and Restaurants of the Department of Business Regulation has neither the power to fine appellees or to revoke their license for failure to comply with § 83.49(2), Fla. Stat., F.S.A.
*207 Appellees contend to the contrary.
After a careful review of § 83.-49(2), Fla.Stat., F.S.A., and the record in these appeals, we agree that this Section [1] does not require the payment of interest by appellees on security deposits created under written leases executed by them prior to October 1, 1972. To hold otherwise, under the facts of these appeals, would give retroactive effect to § 83.49(2), Fla.Stat., F.S.A. In making this determination, we recognize the presumption that statutes operate prospectively unless legislative intent to the contrary clearly appears. Here no such clear intent appears. State v. Green, Fla.1958, 101 So.2d 805; Board of Trustees, etc. v. Medeira Beach Nom., Inc., Fla.App. 1973, 272 So.2d 209.
Also, we agree with the holding of the circuit court in its final judgment that appellant had neither the power to fine ap-pellees nor to revoke their license for failure to comply with § 83.49(2), Fla.Stat., F.S.A. Appellant, as an administrative agency of the State of Florida, is a creature of the statutes of this state and is empowered only with the authority given to it by such statutes. At the time the cases on appeal were tried, we are unaware of any statutory authority which granted appellant the power to fine appellees or revoke their license for failure to comply with § 83.-49(2), Fla.Stat., F.S.A. See McRae v. Robbins, 1942, 151 Fla. 109, 9 So.2d 284; Atlantic Coast Line R. Co. v. State, 1932, 106 Fla. 278, 143 So. 255, and 1 Fla.Jur. Administrative Law § 21. Section 83.-49(2), Fla.Stat., F.S.A., has now been amended[2] to give appellant the power in appropriate cases to fine a licensee or to suspend or revoke its license. Although this amendment does not operate to affect the final judgments herein appealed by appellant, it does make the question moot for the future.
We have considered the record, all points in the briefs and arguments of counsel in light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgments appealed are affirmed.
Affirmed.

. Section 83.49, Fla.Stat., F.S.A., has been amended by Oh. 75-133, Sec. 2, Laws of Florida 1975, by adding thereto Subsection (6) which reads as follows :
“For the purposes of this part, a renewal of an existing rental agreement shall be considered a new rental agreement and any security deposit carried forward shall be considered a new security deposit.”
This opinion should not be construed as passing on the effect of this new law.

. Section 83.49, Fla.Stat., F.S.A., has been amended by Ch. 75-133, Sec. 2, Laws of Florida 1975, by adding thereto Subsection (7) which reads as follows:
“Any person licensed under the provisions of s. 509.241, unless excluded by the provisions of tins' part, who fails to comply with the provisions of this part shall be subject to a fine, or to the suspension or revocation of his license by the Division of Hotels and Restaurants of the Department of Business Regulations in the manner provided in s. 509.261.”
This opinion should not be construed as passing on the effect of this new law.