C. Bette Wimbish Chairperson Florida Crimes Compensation Commission Tallahassee
QUESTIONS:
1. Is the one-year limitation on the filing of claims under the Florida Crimes Compensation Act, Ch. 960, F. S., made retroactive to January 1, 1977, under s. 960.07(2), F. S.?
2. Where public funds are collected for a trust fund disbursable to victims of crime, can a claim for said funds be retroactive to the starting date of said collections?
SUMMARY:
The Florida Crimes Compensation Act, Ch. 960, F. S., is not made retroactive by the 1-year limitation on filing claims for awards under s. 960.07(2), F. S., and does not permit disbursements of funds from the Crimes Compensation Trust Fund in payment of claims for awards arising out of incidences or occurrences of crimes committed prior to the act's effective date.
Your questions are answered in the negative.
The Florida Crimes Compensation Act, Ch. 960, F. S., provides compensation for victims of crimes, intervenors in criminal acts, and their families and dependents under specified conditions set forth in the act. This remedy or right to claim an award of compensation was created in the 1977 legislative session as Ch.77-452, Laws of Florida. Initially, it must be determined at what point the act became effective as a law. Section 8 of that act provides:
 This act shall take effect January 1, 1978; provided, however, that ss. [960].17, [960].20, [960].21, Florida Statutes, as created by this act, and sections 2, 3, 4, 5 and 6 of this act shall take effect upon becoming law.
It seems evident that by phrasing s. 8 as it did, the Legislature intended the remedy or right to claim an award of compensation under the act to take effect on January 1, 1978. Section 1 of the act contains the essence or heart of the act. Contained therein are, inter alia, provisions regarding the establishment of the Florida Crimes Compensation Commission and the rights, remedies, and responsibilities of prospective claimants. Sections 2 through 6 and ss. 960.17, 960.20 and 960.21, F. S., which took effect upon becoming law, prior to January 1, 1978, merely supplement the act and do not constitute the essential right or remedy created by the act. These provisions deal with the establishment and funding of the Crimes Compensation Trust Fund from specifically enumerated sources. These provisions apparently were deemed necessary to provide a reserve of funds to implement the compensation remedy established under s. 1 and to defray the administrative costs of the act. See s. 7, Ch. 77-452 and s. 960.21(1). Nevertheless, it does not appear that such provisions make the remedy itself retroactive. Cf. 82 C.J.S. Statutes s. 414, n. 37, p. 990 (1953).
In the first place, s. 8 by its plain language does not make the remedy provisions in s. 1 effective as law until January 1, 1978. Second, the Legislature, as a fiscally responsible body, cannot be presumed to have intended a result which might well lead to insolvency of the trust fund established by the act. Specifically, if claimants are allowed to recover for claims arising before January 1, 1978, there is a possibility that the trust fund will be inadequate to cover the costs of required payments and the administrative costs incurred in implementing the act. It seems reasonable to believe that the Legislature intended to provide for a start-up capitalization of the trust fund by staggering the effective dates for establishment and funding of the trust fund and for costs of administration and the remedy or provision for claims for awards payable from that fund.
The courts have ruled on many occasions that statutes will not be given retroactive application unless such application is required in clear and explicit terms. See Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (Fla. 1973), and authorities cited therein. This rule applies to statutes which create new rights and corresponding liabilities. See Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975), (holding franchise cancellation remedy prospective); Gordon v. John Deere Company, 264 So.2d 419 (Fla. 1972), (holding substitute service of process statute prospective); State ex rel. Bayless v. Lee,23 So.2d 575 (Fla. 1945), (holding state officer's pay raise prospective); and Dept. of Business Regulation v. Stein,326 So.2d 205 (3 D.C.A. Fla., 1976), (holding remedy for landlord's failure to pay interest on security deposit prospective). See also 82 C.J.S. Statutes s. 414, n. 34, p. 989 (1953), reciting the general rule that, in every case of doubt, the doubt must be resolved against the retrospective effect and in favor of prospective construction only.
The trust fund created by the act consists of contributions in the form of, inter alia, a 5 percent surcharge on all fines and forfeitures and a $10 additional charge for court costs which are imposed on defendants in criminal proceedings. See ss. 142.01 and 960.20, F. S. 1977, respectively. The mere establishment of this trust fund prior to January 1, 1978, in no way necessitates a retroactive application of the entire act.
Although it is sometimes held that statutes of a remedial nature may be given retroactive application, that exception to the general rule of construction will not be held to apply where a statute creates new rights which did not exist at the time of passage. See 82 C.J.S. Statutes ss. 416 and 421, nn. 16 and 17, p. 997 (1953). Compare City of Lakeland v. Catinella, 129 So.2d 133
(Fla. 1961), and Maxwell v. School Board of Broward County,330 So.2d 177 (4 D.C.A. Fla., 1976), (statute confirming preexisting remedy is retrospective) with Heilman v. State, 310 So.2d 376 (2 D.C.A. Fla., 1975), and Marshall v. Johnson, 301 So.2d 134 (1 D.C.A. Fla., 1974) (statute creating new right is prospective).
The provisions of s. 960.07(2), F. S., in no way alter this result. That subsection reads:
 A claim must be filed not later than 1 year after the occurrence of the crime upon which the claim is based, or not later than 1 year after the death of the victim or intervenor; provided, however, that for good cause the commission may extend the time for filing for a period not exceeding 2 years after such occurrence.
This is merely a statute of limitations intended to bar stale claims. It does not meet the standard of clear or explicit language required for retroactive application. Accordingly, I conclude that the remedy or right to claim an award created by Chapter 960, F. S., until judicially construed otherwise, operates prospectively only.
Prepared by: David K. Miller, Assistant Attorney General
Greg Kimball Legal Intern