KEHOE, Judge.
Appellants, petitioners below, bring these consolidated appeals from a final order of the Crimes Compensation Commission, ap-pellee herein, denying their petitions for benefits under the Florida Crimes Compensation Act. We affirm.
Appellants, Eloise Taylor and William McCray, were the victims of certain crimes which occurred, respectively, on July 9, 1977, and November 4, 1977, and each suffered injuries from the crimes. Appellants Taylor and McCray filed applications for benefits under the Florida Crimes Compensation Act, Chapter 960, Florida Statutes (1977), [hereinafter referred to as the Act] on March 1, 1978, and February 20, 1978, respectively, to the Florida Crimes Compensation Commission [hereinafter referred to as the Commission]. The Commission was created by the 1977 Session of the Legislature and commenced operations on January 1,1978. Appellants’ claims were consolidated with the claim of Gloria Jackson[1] [not a party herein] who was also the injured victim of a 1977 crime. In accordance with the procedure set forth in the Act, the three claims were assigned to a single commissioner of the Commission for investigation and determination. The single commissioner ruled appellants’ claims were invalid on their face, because they sought compensation for crimes which occurred prior to the *721 effective date, i. e., January 1, 1978, of the sections of the Act creating the remedies under the Act. Stated another way, appellants claims were denied because the incidents giving rise to them did not occur subsequent to January 1, 1978. These denials were predicated upon a 1977 Opinion of the Attorney General of Florida 078-22 (February 21, 1978). Appellants then sought review, in accordance with Sections 120.57 and 960.10, Florida Statutes (1977), before the full Commission. Thereafter, on May 23,1978, the Commission issued a final order denying appellants’ claims on the grounds that they arose prior to the effective date, i. e., January 1, 1978, of the statutes creating the remedies sought.
Appellants contend in their first point on appeal that persons who were injured as a result of being victims of crimes, and who are otherwise qualified for benefits under the Act, are eligible to receive benefits under the Act if they were injured in 1977 and filed their claims with the Commission within one year of the date of their injury and subsequent to January 1, 1978.
Neither counsel for appellants and appel-lee cite, nor has our research disclosed, any cases decided in Florida on the primary point raised by this appeal. Therefore, we will be determining this matter as a case of the first impression. To resolve appellants’ first point on appeal, it is necessary to determine at what point the remedial provisions of the Act became effective. Section 8, Chapter 77-452, Laws of Florida (1977) provided that Chapter 897, Florida Statutes (1977) [now reassigned as Chapter 960, Florida Statutes (1977)] would become effective as follows:
“This act shall take effect January 1, 1978; provided, however, that §§ 897.17, 897.20, 897.21, Florida Statutes, as created by this act, and sections 2, 3, 4, 5, and 6 of this act shall take effect upon becoming a law.”
Chapter 77-452 became law on June 30, 1977.
In our opinion, by phrasing Section 8 as it did, the Legislature intended the remedy or right to claim an award of compensation under the Act to take effect on January 1, 1978. Section 1 of the Act contained the essence of the Act; it provided for, among other things, provisions regarding the establishment of the Commission, and the rights, remedies, and responsibilities of the prospective claimants. Whereas, Sections 2 through 6 and Sections 897.17, 897.20, 897.-21, Florida Laws (1977), which took effect upon becoming law, i. e. June 30, 1977, merely supplement the Act and do not create the essential rights or remedies created by the Act. These latter Sections pertain to, among other things, the establishment and funding of the Crimes Compensation Trust Fund. The Legislature apparently deemed it necessary to provide a reserve of funds to implement the compensation remedy established under Section 1 of the Act. We do not believe that such provisions made the remedy itself retroactive. We note that Section 8, by its plain language, does not make the remedy provisions in Section 1 effective as law until January 1, 1978. Also, it would seem that the Legislature, as a fiscally responsible body, cannot be presumed to have intended a result which might have led to the insolvency of the Trust Fund established by the Act, i. e., it is possible that the Trust Fund would be inadequate to cover the costs of any required payments, including administrative costs, incurred in implementing the Act. It does seem reasonable to assume that the Legislature intended to provide for a start-up capitalization of the Trust Fund by staggering the effective dates for the establishment and funding of the Trust Fund and for the payment of claims from that Fund.
We are further persuaded in this belief by those cases which stand for the proposition that statutes will not be given retroactive application unless such application is required in clear and explicit terms. Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (Fla.1973). This rule applies to statutes which create new rights and liabilities. See, e. g., Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla.1975); and Gordon v. John Deere Co., 264 So.2d 419 (Fla.1972). In this *722 case, we do not feel that the mere establishment of the Trust Fund prior to January 1, 1978, in any way required a retroactive application of the entire Act. Further, we do not feel that Section 897.07(2), which requires claims to be filed not later than one year from the occurrence of the crime upon which the claim is based, alters this result. Although the question is not before us, it appears that this Section is intended to act as a statute of limitations and to bar stale claims.
For the reasons set forth above, we do not believe that the Act permits the payment of claims for compensation arising out of crimes committed prior to January 1, 1978, the effective date of the remedial provisions of the Act. Accordingly, the Commission’s final order denying appellants’ claims was correct and should be affirmed.
Affirmed.

. Gloria Jackson (through her next friend) are residents of Broward County and has appealed the Commission’s final order denying her benefits under the Act to the Fourth District Court of Appeal in a case styled Jackson v. Florida Crimes Compensation Commission, Case No. 78-1225 (Fla. 4th DCA, pending).