Mr. Dawson A. McQuaig General Counsel City of Jacksonville
QUESTION:
Is s. 231.40(2)(a)4., F.S., as amended by s. 2, ch. 81-174, Laws of Florida, susceptible to retroactive application such that terminal pay benefits paid to resigned or retired Duval County school board employees may now be increased?
SUMMARY:
Section 231.40(2)(a)4., F.S. 1981, cannot be applied retroactively such that the Duval County School Board can extend the new terminal pay benefits provided for by s. 231.40(2)(a)4., to its former employees who resigned or retired or otherwise separated from employment with the school district before s. 231.40(2)(a)4. (s. 2, ch. 81-174, Laws of Florida), by its terms took effect or became operative.
You state in your letter that the Duval County School Board amended its collective bargaining contract with the certified bargaining agent for certificated teachers in the Duval County school system to reflect the new terminal pay provisions of s. 231.40(2)(a)4., F.S. 1981, as amended by s. 2, ch. 81-174, Laws of Florida. You also state that between the end of the 1980-1981 school year (June, 1981), and July 1, 1981, the effective date of both the amended bargaining contract and statute, s. 231.40(2)(a)4., a number of teachers resigned or retired from employment with the school board at the request of the board. The school board now wishes to know whether it can extend the terminal pay benefits provided in s. 231.40(2)(a)4., F.S. 1981, to those teachers who resigned or retired prior to July 1, 1981 and presumably have been paid their terminal pay benefits for accumulated sick leave pursuant to s. 231.40(2)(a)3., F.S. (1980 Supp.) upon their separation from employment with the school district.
Unless the Legislature expressly manifests a contrary intention in an act itself, a statute has no force or effect whatever for any purpose until, by its terms, it takes effect or becomes operative. Neisel v. Moran, 85 So. 346, 358-359 (Fla. 1920); Pinellas County Planning Council v. Smith, 360 So.2d 371, 372, footnote 1. (Fla. 1978). Moreover, a statute is not to be given retroactive application unless its terms clearly show that the Legislature intended such a result. The common presumption is that a legislative act operates prospectively only, unless there is a clear showing of retroactive intent. See Keystone Water Company v. Bevis, 278 So.2d 606 (Fla. 1973); Trustees of Tufts College v. Triple R. Ranch, Inc. 275 So.2d 521 (Fla. 1973); State ex rel. Bayless v. Lee, 23 So.2d 575 (Fla. 1945). See also 82 C.J.S.Statutes ss. 414 and 415; AGO 067-49. Also, if a retroactive interpretation has nothing more than implication to support it, it must be unequivocal and leave no room for doubt as to legislative intent. Larson v. Independent Life and Accident Insurance Company,29 So.2d 448 (Fla. 1947); AGO 067-49. See also Taylor v. Florida Crimes Compensation Commission, 367 So.2d 720 (3 D.C.A. Fla., 1979). An exception to the general rules mentioned above applies to remedial or procedural statutes which do not create, enlarge, diminish or destroy contractual or vested rights, but relate only to remedies or modes of procedure; such statutes are general held to operate retrospectively unless such operation or application would adversely affect substantive rights. See 82 C.J.S. Statutes
s. 416; City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961).
The terms of s. 231.40(2)(a)4., F.S. 1981 (s. 2, ch. 81-174, Laws of Florida), do not clearly show that the Legislature intended for that statute to be retroactively applied. Neither does an unequivocal implication arise from the terms of s. 231.40(2)(a)4. that it is to be retroactively applied. Section 231.40(2)(a)4. is not remedial or procedural: it operates to enlarge existing rights and to increase, prospectively, terminal pay benefits of school district employees; therefore, s. 231.40(2)(a)4. does not fall within the exception to the general rule against the retroactive application of statutes. I would again note that the resigned or retired teachers in question separated from employment with the school district and were paid their terminal pay benefits before s. 2, ch. 81-174, Laws of Florida (s. 231.40(2)(a)4., F.S. 1981) became operative.
Prepared by: William D. Hall, Jr., Assistant Attorney General