OVERTON, Justice.
This is a direct appeal from the Florida Public Service Commission’s order approving represcription of intrastate depreciation rates for Southern Bell Telephone and Telegraph Company for the calendar year 1980. The approved represcription is identical with the depreciation rate schedule recommended by the Federal Communications Commission. We affirm.
The present appeal emanates from PSC order 9678. However, the issue in contention evolves from a prior PSC order, order *1269 9564. In the latter, Southern Bell, public counsel, and others entered into a stipulation, approved by the PSC, whereby Southern Bell would refund to its customers a specific amount for the calendar year 1979 and “whatever amount, if any, that the intrastate earnings reflected on the books of Southern Bell exceed 9.02% on average net investment for the calendar year 1980.” No appeal was taken from order 9564.
The order presently under review, No. 9678, concerns a determination of the appropriate depreciation rate Southern Bell may enter on its books for the calendar year 1980. Historically, depreciation has been represcribed at regular intervals. The process begins with the Federal Communications Commission conducting a study, in accordance with 47 U.S.C. § 220 (1976), with input from the affected states to determine the appropriate depreciation for interstate depreciation. After the FCC sets this figure, it recommends the amount each state should adopt for the depreciation period. The reason for this process is to avoid multiple depreciation of the same equipment and to determine proper depreciation for capital investments used for both interstate and intrastate communications. The state is not absolutely bound by the FCC recommendation.
In accordance with the foregoing procedure, Southern Bell submitted to the FCC its 1980 study and request for increased equipment depreciation represcription. Southern Bell requested an increase in depreciation for all states it serves and requested an increase in Florida of $54 million. The FCC studied this proposal and, after receiving input from all affected states, promulgated a recommended increase for Florida of $28 million. The FCC also recommended that the depreciation be retroactive to January 1, 1980. Thereafter, the following events transpired:
On September 8,1980, in accordance with title 47, the FCC solicited comments from the state public service commissions, including Florida. The PSC thereafter opened its docket to consider the new proposed depreciation rate.
On September 26,1980, the citizens of the State of Florida, through public counsel, moved the PSC to postpone its hearing of the proposed represcription. Public counsel feared that any depreciation allowance increase would adversely affect Southern Bell’s 1980 authorized rate of return and the refund set by stipulation in order 9564 (depreciation is a factor in computing the rate and refund).
On October 30, 1980, apparently after public counsel met with PSC staff, public counsel entered a notice of withdrawal of objection upon the condition that “the Commission recognize in its order resulting from this docket that increased depreciation expense applicable to months prior to the date of this order shall not affect net operating income for calendar year 1980 (regardless of date booked) for purposes of computing any refunds which may be due under the stipulations approved in Order No. 9564 issued September 24, 1980.” Public counsel contended that the proposed depreciation re-prescription would violate the stipulation upon which the order 9564 refund’s terms were established and also constituted retroactive rate-making.
On December 8, 1980, the PSC met, affording all parties oral argument, to consider the proposed depreciation represcription, the effect that retroactive application of the increased depreciation to January 1, 1980, would have on the order 9564 refund, public counsel’s objections thereto, and the language contained in the stipulation which resulted in order 9564.
On January 27, 1981, the PSC issued its order 9678 which approved the proposed depreciation allowance increase, including a finding that, even though the depreciation rates did affect the order 9564 refunds, depreciation was separate from the rate base and that it should be considered by itself.
Public counsel argues that depreciation represcription is not a bookkeeping entry but, rather, under the circumstances, constitutes a retroactive change in the rate base. Public counsel argues that both section 364.-14, Florida Statutes (1979), and City of Mi *1270 ami v. Florida Public Service Commission, 208 So.2d 249 (Fla.1968), prohibit the PSC from establishing rates retroactively. Accord Public Utilities Commission v. United Fuel Gas Co., 317 U.S. 456, 63 S.Ct. 369, 87 L.Ed. 396 (1943). Public counsel also asserts that the effect of the PSC’s actions places an improper construction on the 9564 stipulation and divests Southern Bell’s consumers of vested rights, contrary to City of Lakeland v. Catinella, 129 So.2d 133 (Fla.1961).
We find that public counsel’s reliance on section 364.14 and City of Miami is misplaced because that section and case concern rate-making. Under the present facts, the PSC was not rate-making but, rather, was considering depreciation repre-scription. We acknowledge, as did the commission, that new depreciation allowance does have an effect on the order 9564 stipulation and refund. The PSC determined, however, that this was a factor that all parties knew or should have known would affect the 1980 refund. In the words of Commissioner Cresse, in the December 8, 1980, hearing:
I think the main issue is whether or not the new represcription depreciation rate is appropriate or inappropriate. Notwithstanding what impact that has on any refunds or non-refunds because I think if you get those things combined, you’re letting the appropriate and proper prescription of depreciation rates get confused with what further impact that may have. And you can look at it in the short-term or long-term period.
So I think what we’re dealing with here is whether or not the depreciation rates which are presently prescribed for Southern Bell by this Commission are adequate or inadequate and whether or not they should be revised.
In my opinion, over the long run, you are looking at, on one hand, increased expenses which are, in fact, a recovery of capital. And, on the other hand, you’re looking about an increased rate base which the company’s going to be entitled to get about 18 to 19% on in revenue requirements.
We reject both the contention that the PSC’s approval of the depreciation repre-scription constitutes retroactive rate-making and the claim that the proposed represcription was precluded by the prior stipulation.
We find that the PSC fully considered the retroactive application of the depreciation allowance and that public counsel had a full opportunity to be heard on this and other issues. We conclude that the commission properly exercised its authority in the entry of order No. 9678. The order is affirmed.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, ALDERMAN, McDONALD and EHRLICH, 'JJ., concur.