Mr. Herbert Elliott City Attorney City of Tarpon Springs Suite 17, 101 West Court Street Post Office Box 1575 Tarpon Springs, Florida 34286-1575
Dear Mr. Elliott:
This is in response to your request for an Attorney General's Opinion regarding substantially the following question:
 ARE THE PROVISIONS OF s 180.135, F.S. (1984 SUPP.), APPLICABLE TO UTILITY SERVICE CHARGES INCURRED PRIOR TO THE EFFECTIVE DATE OF THIS SECTION?
Section 180.135, F.S. (1984 Supp.), which became effective on June 19, 1984, states that:
 Any other provision of law to the contrary notwithstanding, no municipality may refuse services or discontinue utility, water, or sewer services to the owner of any rental unit or to a tenant or prospective tenant of such rental unit for nonpayment of service charges incurred by a former occupant of the rental unit; and any such unpaid service charges incurred by a former occupant will not be the basis for any lien against the rental property except to the extent that the present tenant or owner has benefited directly from the service provided to the former occupant. This section applies only when the former occupant of the rental unit contracted for such services with the municipality.
The title of Ch. 84-292, Laws of Florida (codified as s 180.135, F.S. [1984 Supp.]), does not indicate that the act was meant to operate retrospectively. Where it is intended that a statute should have retrospective operation, the title must convey appropriate notice of this intent. See, 49 Fla.Jur.2d Statutes s 106, p. 137; Van Loon v. Van Loon, 182 So. 205 (Fla. 1938); Chiapetta v. Jordan, 16 So.2d 641 (Fla. 1944). Further, it is a well-settled rule that a statute will not be construed as retroactive unless its terms clearly show that the Legislature intended such a result. Instead, the presumption is that a legislative act operates prospectively only, unless there is a clear showing of retroactive intent. See, e.g., State ex rel. Bayless v. Lee, 23 So.2d 575 (Fla. 1945); Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (Fla. 1973); Keystone Water Company, Inc. v. Bevis, 278 So.2d 606 (Fla. 1973); Gulf Pines Memorial Park, Inc. v. Oakland Memorial Park, Inc.,361 So.2d 695 (Fla. 1978); Seddon v. Harpster, 403 So.2d 409 (Fla. 1981); Indemnity Insurance Company v. Brooks-Fisher Insulating Co., 140 So.2d 613 (2 D.C.A. Fla., 1962). See generally, 82 C.J.S. Statutes s 414. See also, Taylor v. Florida Crimes Compensation Commission, 367 So.2d 720 (3 D.C.A. Fla., 1979) (the rule that statutes will not be given retroactive application unless such application is required in clear and explicit terms applies to statutes which create new rights and liabilities); AGO 78-22. An exception to the general rules stated above applies to remedial or procedural statutes which do not create new rights but only operate in furtherance of the remedy or confirmation of rights already existing; such statutes are generally held to operate retrospectively unless such operation or application would adversely affect substantive rights. See, 82 C.J.S. Statutes s 416; City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961). Section 180.135, F.S. (1984 Supp.), however, does not appear to constitute remedial legislation. Compare, AGO 70-49 which concluded that s 159.17, F.S., did represent remedial legislation susceptible of retroactive application as this section provided an additional remedy for collecting utility service charges.
I have examined the provisions of s 180.135, F.S. (1984 Supp.), and find no expressed intent that this legislation be given retroactive application. Therefore, if a lien was previously imposed by a municipality for delinquent utility service charges incurred prior to the effective date of the statute (June 19, 1984), a municipality may proceed to foreclose on such a lien. However, a municipality may not refuse utility services to a new tenant or to the owner of a rental unit or to a tenant or prospective tenant of such a rental unit for nonpayment of such service charges by a former occupant of the premises after the effective date of the act. In addition, after June 19, 1984, any unpaid service charges incurred by a former occupant may not form the basis for a lien against the rental property except to the extent that the present owner or tenant benefited directly from the service provided to the former occupant.
In sum, it is my opinion, until legislatively or judicially determined otherwise, that the provisions of s 180.135, F.S. (1984 Supp.), apply prospectively and that, while a municipality may proceed to foreclose on a lien imposed prior to the effective date of the statute for delinquent utility service charges, a municipality may not refuse services or discontinue utility, water or sewer services to the owner of any rental unit or to a tenant or prospective tenant of such rental unit for nonpayment of service charges incurred by a former occupant of the rental unit following the effective date of s 180.135, F.S. (1984 Supp.).
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General