PER CURIAM.
The appellant/contractor appeals a ruling of the construction licensing board. We reverse and remand with direction.
Appellant entered into a contract to build an addition to James Courim’s home. After completion of the construction, a dispute arose and Courim filed a cause of action against appellant and obtained a judgment for $38,841.94 against the appellant.
Thereafter, ’ in November, 1987, Courim filed a complaint against appellant with the Department of Professional Regulation, which filed an administrative complaint against the contractor. The licensing board entered an order that the contractor committed gross negligence and misconduct with regard to the construction for Courim. In addition, the board entered the following order, which states in pertinent part:
Respondent shall pay a fine of one thousand dollars ($1,000.00), and all Respondent’s licensure to practice contracting shall be suspended for twenty (20) years, and indefinitely thereafter until said fine is paid.
PROVIDED, however, that said SUSPENSION will be TERMINATED early without further Board action at any time that Respondent both pays said fine and provides to the Executive Director of the Board evidence that he has satisfied the judgment stated in the administrative complaint.
The contractor maintains that the administrative board did not have authority to require the contractor to make financial restitution. We agree. At the time of the initiation of this administrative action, the following provision of section 489.129(1), Florida Statutes (1987), controlled:
489.129 Disciplinary proceedings.—
(1) The board may revoke, suspend, or deny the issuance or renewal of the certificate or registration of a contractor and impose an administrative fine not to exceed $5,000, place a contractor on probation, or reprimand or censure a contractor if the contractor, or if the business entity or any general partner, officer, director, trustee, or member of a business entity for which the contractor is a qualifying agent, is found guilty of any of the following acts:
(a) Upon proof that a certificate or registration has been obtained by fraud or misrepresentation.
(b) Being convicted or found guilty, regardless of adjudication, of a crime in any jurisdiction which directly relates to the practice of contracting or the ability to practice contracting.
(c) Violation of chapter 455.
(d) Willful or deliberate disregard and violation of the applicable building codes or laws of the state or of any municipalities or counties thereof.
(e) Aiding or abetting any uncertified or unregistered person to evade any provision of this act.
The foregoing section does not authorize financial restitution. Thus, the board was acting without statutory authorization in requiring appellant to pay the Courim judgment. As a result, the board erred in making its ruling. See Dep't of Professional Regulation v. Pariser, 483 So.2d 28 (Fla. 1st DCA 1985); Dep’t of Business Regulation v. Stein, 326 So.2d 205 (Fla. 3rd DCA 1976).
*443 More importantly, the following 1988 amendment to section 489.129 cannot be applied retroactively:
(1) The board may revoke, suspend, or deny the issuance or renewal of the certificate or registration of a contractor, require financial restitution to a consumer, impose an administrative fine not to exceed $5,000, place a contractor on probation, require continuing education, assess costs associated with investigation and prosecution, or reprimand or censure a contractor if the contractor, or if the business organization for which the contractor is a primary qualifying agent or is a secondary qualifying agent responsible under s. 489.1195, is found guilty of any of the following acts:....
(Emphasis added.) Nevertheless, on remand, the licensing board has authority to vacate altogether the action it took previously and may take any action authorized by the statute as it existed in 1987. It is not limited to or bound by those provisions of its original order that we have not invalidated here; we direct the board to take such action on remand as it deems appropriate within the statute. See Florida Real Estate Comm’n v. Webb, 367 So.2d 201 (Fla.1978).
GLICKSTEIN and DELL, JJ., and SALMON, MICHAEL H., Associate Judge, concur.