Mr. G. Michael Mahoney Counsel for the City of Leesburg Post Office Box 491357 Leesburg, Florida 34749-1357
Dear Mr. Mahoney:
On behalf of the City of Leesburg you have asked for my opinion on the following questions:
1. What is the effective date for determining the applicability of section 112.65(2), Florida Statutes?
2. Can section 112.65(2), Florida Statutes, be read to have a retroactive application to affect those members of a qualifying plan who were participating prior to the effective date determined in Question One?
3. Is the limitation contained in section 112.65(2), Florida Statutes, applicable to pensions drawn from previous employment in the private sector?
In sum:
1. The effective date for section 112.65(2), Florida Statutes, was October 1, 1978.
2. Section 112.65(2), Florida Statutes, may not be applied retroactively to affect members of a qualifying plan who were participating prior to the effective date of the statute.
3. Part VII, Chapter 112, Florida Statutes, generally controls retirement plans funded with public moneys. Private sector retirement benefits, which are not publicly funded, are not within the scope of section 112.65(2), Florida Statutes.
The City of Leesburg has several employees who are planning to retire from public service and have been working for the city for a number of years. As city attorney you have reviewed Part VII, Chapter 112, Florida Statutes, which relates to retirement benefits for public employees. You note that section 112.65, Florida Statutes, contains two subsections limiting benefits to retirees from public service. Subsection (1) of this section contains a date, January 1, 1980, from which certain benefits may be calculated. You ask whether subsection (2) of section 112.65, which prohibits a retiree from receiving multiple retirement benefits for the same public service, is applicable from the same or some other date. In addition, you ask whether the limitation in subsection (2) applies to privately funded pensions.
In 1978 the Florida Legislature enacted Part VII, Chapter 112, Florida Statutes, the "Florida Protection of Public Employee Retirement Benefits Act."[1] The expressed legislative intent for the enactment of Part VII of Chapter 112, Florida Statutes, was implementation of the provisions of section 14, Article X, Florida Constitution,[2] which requires that all retirement systems for public employees be managed, administered, operated, and funded to maximize the protection afforded to public employee retirement benefits.[3] The act establishes minimum standards for the operation and funding of such retirement systems and plans and applies to "any and all units, agencies, branches, departments, boards, and institutions of state, county, special district, and municipal governments which participate in, operate, or administer a retirement system or plan for public employees, funded in whole or in part by public funds."[4] Provisions of the act are supplemental to existing laws and local ordinances relating to retirement systems or plans but, in the event of a conflict, the provisions of the act preempt other legislation.[5]
Section 112.65, Florida Statutes, relates to the limitation of benefits to retiring public officers and employees. Subsection (2), with which you are concerned, provides:
No member of a retirement system or plan covered by this part who is not now a member of such plan shall be allowed to receive a retirement benefit or pension which is in part or in whole based upon any service with respect to which the member is already receiving, or will receive in the future, a retirement benefit or pension from another retirement system or plan. This restriction does not apply to social security benefits or federal benefits under chapter 67, Title 10, U.S. Code.[6]
Thus, since this provision became law, no one who is a member of a retirement plan covered by Part VII, Chapter 112, Florida Statutes, may receive retirement benefits from a publicly funded retirement plan for services for which the person is already receiving retirement benefits from another publicly funded plan. Military retirement pay and Social Security payments are excluded from this restriction. The effect of the statute is to preclude multiple retirement benefits payments from public funds for the same period of public service,[7] commonly referred to as "double-dipping."
Section 112.65, Florida Statutes, was enacted in 1978 as part of the Florida Protection of Public Employee Retirement Benefits Act and currently reads substantially as it did in the implementing legislation, section 1, Chapter 78-170, Laws of Florida.[8]
Pursuant to section 4 of Chapter 78-170, the effective date of the act was October 1, 1978.
Thus, the effective date for determining the applicability of section 112.65(2), Florida Statutes, is October 1, 1978.
Question Two
You have also asked whether section 112.65(2), Florida Statutes, may be applied retroactively to affect the rights of members to receive retirement benefits vesting prior to the effective date of the statute.
The title of Chapter 78-170, Laws of Florida, does not indicate that the act was meant to operate retrospectively. Where it is intended that a statute should operate retroactively, the title must convey appropriate notice of this intent.[9] Further, it is a well-settled rule that a statute will not be construed as retroactive unless its terms clearly show that the Legislature intended such a result. Instead, the presumption is that a legislative act operates prospectively only, unless there is a clear showing that retroactivity was intended.[10] As stated in Heberle v. P.R.O. Liquidating Company:
A law is retroactive or retrospective if it takes away or impairs vested rights acquired under existing laws, or if it creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already past.[11]
This rule against retroactive application applies with particular force to a law that imposes new penalties or obligations.[12] In addition, the designation of an effective date for a statute by the Legislature has been held to effectively rebut any argument that retroactive application of the law was intended.[13]
In light of these considerations, it is my opinion that section112.65(2), Florida Statutes, may not be applied retroactively to affect members of a qualifying plan who were participating prior to the effective date of the statute since such a construction would effect their vested rights to receive such benefits.
Question Three
You ask whether the phrase "another retirement system or plan" as used in section 112.65(2), Florida Statutes, would include private sector pension plans to prohibit a member of a Chapter 112 plan from receiving benefits from both retirement plans for the same service.
Section 112.625(1), Florida Statutes, provides that, for purposes of the act, "[r]etirement system or plan" means "any employee pension benefit plan supported in whole or in part by public funds[.]"[14] When a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[15]
The act appears generally to apply to retirement plans that are funded with public moneys[16] and would exclude private sector retirement benefits from the limitations set forth in section112.65(2), Florida Statutes. Therefore, a member of a Chapter 112, Florida Statutes, plan would not be precluded from receiving retirement benefits from both a private sector retirement plan and a Chapter 112 plan for the same service.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Chapter 78-170, Laws of Florida. And see, s. 112.60, Fla. Stat. (1995), which provides the short title for this act.
[2] Article X, section 14, Fla. Const., provides:
A governmental unit responsible for any retirement or pension system supported in whole or in part by public funds shall not after January 1, 1977, provide any increase in the benefits to the members or beneficiaries of such system unless such unit has made or concurrently makes provision for the funding of the increase in benefits on a sound actuarial basis.
[3] Section 112.61, Fla. Stat. (1995). See generally, Op. Att'y Gen. Fla. 80-76 (1980), discussing Part VII, Ch. 112, Fla. Stat.
[4] Section 112.62, Fla. Stat. (1995).
[5] Id.
[6] Chapter 67, Title 10, U.S. Code relates to military retirement pay.
[7] Cf., s. 112.0501, Florida Statutes, which ratifies certain dual retirements permitted for state employees who retired prior to April 23, 1969.
[8] Section 4, Ch. 88-382, Laws of Florida, added the reference to military retirement pay in the restriction set forth in the second sentence in subsection (2); s. 723, Ch. 95-147, Laws of Florida, provided gender neutral references to members of the retirement system in the subsection.
[9] See, Van Loon v. Van Loon, 182 So. 205 (Fla. 1938); Chiapetta v. Jordan, 16 So.2d 641 (Fla. 1944). See generally, 49 Fla. Jur.2d Statutes s. 107.
[10] See, e.g., State ex rel. Bayless v. Lee, 23 So.2d 575 (Fla. 1945); Trustees of Tufts College v. Triple R. Ranch, Inc.,275 So.2d 521 (Fla. 1973); Keystone Water Company v. Bevis,278 So.2d 606 (Fla. 1973); Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park Inc., 361 So.2d 695 (Fla. 1978); Seddon v. Harpster, 403 So.2d 409 (Fla. 1981). See generally, 82 C.J.S. Statutes s. 414.
[11] 186 So.2d 280, 282 (Fla. 1st DCA 1966).
[12] See, Larson v. Independent Life Accident Insurance Company,29 So.2d 448 (Fla. 1947). See also, Taylor v. Florida Crimes Compensation Commission, 367 So.2d 720 (Fla. 3d DCA 1979) (the rule that statutes will not be given retroactive application unless such application is required in clear and explicit terms applies to statutes which create new rights and liabilities); Ops. Att'y Gen. Fla. 83-47 (1983) and 78-22 (1978).
[13] Department of Revenue v. Zuckerman-Vernon Corporation,354 So.2d 353 (Fla. 1977).
[14] The definition of retirement system or plan includes several exceptions including such things as IRA accounts and deferred compensation plans. Specifically, section 112.625(1) excludes from its terms:
(a) An employee benefit plan described in s. 4(a) of the Employee Retirement Income Security Act of 1974, which is not exempt under s. 4(b)(1) of such act; (b) A plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees; (c) A coverage agreement entered into pursuant to s. 218 of the Social Security Act; (d) An individual retirement account or an individual retirement annuity within the meaning of s. 408, or a retirement bond within the meaning of s. 409, of the Internal Revenue Code of 1954; (e) A plan described in s. 401(d) of the Internal Revenue Code of 1954; or (f) An individual account consisting of an annuity contract described in s. 403(b) of the Internal Revenue Code of 1954.
[15] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944).
[16] And see, s. 112.62, Fla. Stat. (1995), which states that "[t]he provisions of this part are applicable to any and all units, agencies, branches, departments, boards, and institutions of state, county, special district, and municipal governments which participate in, operate, or administer a retirement system or plan for public employees, funded in whole or in part by public funds." (e.s.)