SMITH, Senior Judge.
North River Insurance Company (North River) appeals from an order entered by the Judge of Compensation Claims (JCC) in a reimbursement controversy between North River and a second carrier, appellee Planet-Reliance Insurance Company (Planet-Reliance). North River contends that the JCC erred by including within the reimbursement award prejudgment interest on compensation payments made by Planet-Reliance to the injured employee from the date of payment of such compensation benefits. Finding no error in the JCC’s order, we affirm.
The two carriers stipulated below as to the amount due from North River to Planet-Reliance for compensation payments made to the injured employee, Willie J. Griffin. The carriers also agreed as to the amount of prejudgment interest due if the JCC determined that prejudgment interest was reeov-erable by Planet-Reliance. The JCC in his compensation order, citing the decisions in Parker v. Brinson Construction Co., 78 So.2d 873 (Fla.1955), Alvarado v. Rice, 614 So.2d 498 (Fla.1993), A.O. Smith Harvestore Products, Inc. v. Suber Cattle Co., 416 So.2d 1176 (Fla. 1st DCA 1982), and General Accident Fire & Life Assurance Corporation Ltd. v. American Casualty Company of Reading, Pa., 390 So.2d 761 (Fla. 3d DCA 1980), found that under general principles of law applicable in Florida an award of prejudgment interest is proper on recovery of out-of-pocket amounts paid by one party for which another party has been found liable.
The JCC noted the argument by North River that because Section 440.42(3), Florida Statutes — the statute which provides for reimbursement to one carrier from another for amounts that should have been paid by the other carrier — does not specifically mention interest as being recoverable by the carrier seeking reimbursement, an award of prejudgment interest is not permissible. The JCC reasoned that the absence of any mention of interest in the statute is not determinative of the right to recover interest, citing the decision in Stone v. Jeff res, 208 So.2d 827 (Fla.1968), in which the Supreme Court held that interest on attorney’s fees awarded in workers’ compensation proceedings is recoverable notwithstanding the absence of any statute providing for the payment of interest on attorney’s fees.
After examination of the statutes and pertinent case law, and consideration of the reasoning and authorities cited by the JCC and the parties in their briefs and arguments, we are persuaded that the JCC’s award of prejudgment interest was not erroneous.
As noted by the court in City of Lakeland v. Catinella, 129 So.2d 133 (Fla.1961), the right of one carrier to require another carrier to pay or share in the payment of a workers’ compensation obligation was not created by the addition of subsection (3) to the statute. “That right, a matter of insurance contract law, already existed and was subject to being enforced in appropriate judicial proceedings.” Id. at 136. The court further held that the remedy afforded by *734 subsection (3), which empowered the Industrial Commission to assume jurisdiction to adjudicate controversies between carriers, was a procedural or remedial statute rather than a substantive statute. The court explained:
Remedial statutes or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against retrospective operation of the statutes.
129 So.2d at 136. (Emphasis added.)
Thus, under existing law predating the enactment of section 440.42(3), Planet Reliance would have been entitled to maintain an action for recovery of compensation payments made by it which were determined to be the obligation of North River.[1] So also, under law existing at the time of the statutory enactment, as under current law, Planet-Reliance would have been entitled to prejudgment interest on sums paid by it for which North River was ultimately held responsible'. See Town of Longboat Key v. Carl E. Widell & Son, 362 So.2d 719 (Fla. 2d DCA 1978) (prejudgment interest is recoverable on liquidated claims but not unliquidated claims); Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985) (distinction between liquidated and unliquidated claims abandoned), and Alvarado v. Rice, 614 So.2d 498 (Fla.1993) (prejudgment interest allowed from the date payment was made or actual loss occurred).
Turning again to the language of section 440.42(3), we observe that the statute speaks of the liabilities for discharge by a carrier of “the obligations and duties of one or more employers with respect to a claim for compensation, remedial treatment, or other benefits under this chapter....” It provides further that a carrier that has made such payments is entitled to “reimbursement” from another carrier which has been finally determined liable for those payments. The term “reimbursement” is not specifically defined in the statute, and must therefore be given its ordinary meaning. “Reimburse,” according to Black’s Law Dictionary (5th Edition), means: “To pay back, to make restoration, to repay that expended; to indemnify, to make whole.” We think it is clear that since the legislature did not “take away any vested rights” by enacting subsection (3), City of Lakeland, supra, 129 So.2d at 136, by use of the term “reimbursement” the legislature intended to provide jurisdiction to the JCC to award the amount of compensation and other payments made by a carrier seeking reimbursement, together with prejudgment interest on those payments, just as the carrier would have been entitled to recover in a judicial forum. We find no basis, therefore, for North River’s contention that the term “reimbursement” limits recovery to out-of-pocket payments actually made by the carrier.
Similarly, we reject North River’s argument that the later enactment of section 440.20(9), providing for prejudgment interest only on unpaid installments of compensation due to injured claimants, but making no reference to interest on carriers’ reimbursement claims, somehow manifests a legislative intent to preclude prejudgment interest on such reimbursement claims. Since a liability for compensation payments to injured employees is entirely a creature of the workers’ compensation law, it is appropriate that the legislature spell out with particularity the extent of that liability in Chapter 440. As noted above, the right to reimbursement is not dependent upon some express provision of Chapter 440, and we find the absence of any specific mention of prepayment interest on reimbursement claims in that chapter to be of no significance.
The order appealed is AFFIRMED.
ERVIN and DAVIS, JJ., concur.

. The JCC in his order found that the injured employee, Griffin, filed claims against both North River and Planet-Reliance during the periods in which his claims for compensation accrued. There is therefore no issue regarding notice to North River of its potential obligations to the injured employee.